## 26691. ROWLAND, next friend, v. BYRD.

STEPHENS, P. J. 1. A child who strolls upon private premises to play, without the permission or consent of the owner or person in charge, is a trespasser upon the premises. The owner of premises, or person in charge thereof, owes no duty to keep the premises in a condition safe for trespassers who come thereon without the knowledge of the owner or person in charge, although the owner may have knowledge that it is customary for such trespassers to come upon the premises. It is not a violation of any duty owed by the owner of premises to a child who, as a trespasser, comes upon the premises to play, although the owner may know that it is a custom for children to come upon the premises to play, for the owner to permit the roof of a vacant building situated on the premises to be in such a defective condition that a drain-pipe which is on the building for the purpose of carrying off water is in such an insecure condition that if it is hit by a gust of wind it will fall. Where the drain-pipe falls upon a child who is upon the premises as a trespasser without the knowledge of the owner, although the owner may reasonably have anticipated the presence of the child, the owner is not liable for the injury. The act of the owner in permitting the premises to be in such a state of bad repair is not a wilful and wanton act. *Rawlins* v. *Pickren*, 45 *Ga. App.* 261 (164 S. E. 223).

2. The petition, in a suit by the child against the owner of the premises, to recover damages for the injuries alleged to have been received by the child, failed to set out a cause of action, and the court did not err in sustaining the general demurrer thereto.

*Judgment affirmed. Sutton and Felton, JJ., concur.*

DECIDED FEBRUARY 24, 1938.

*W. L. Bryan, Carlton Mobley, Everard D. Richardson Jr.,* for plaintiff.

*Augustine Sams,* for defendant.