32943. BROWN *et al.* v. HALL *et al.*

DECIDED JUNE 7, 1950. REHEARING DENIED JULY 7, 1950.

*W. Neal Baird, Neely, Marshall & Greene,* for plaintiffs in error.

*Dunaway, Riley & Howard, Herbert J. & Joseph F. Haas,* contra.

WORRILL, J. (After stating the foregoing facts.) The plaintiffs in error seek reversal of the judgment of the trial court on the theory that the plaintiff was a mere licensee on the premises, and that the defendants did not wilfully and wantonly injure him. The defendant in error contends, on the other hand, that he was clearly an invitee to whom the defendants owed ordinary care in keeping the premises and approaches safe. The Code, § 105-401, provides: "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." The Code, § 105-402, provides: "A licensee is a person who is neither a customer, nor a servant, nor a trespasser, and does not stand in any contractual relation with the owner of the premises, and who is permitted expressly or impliedly to go thereon merely for his own interest, convenience or gratification. The owner of such premises is liable to a licensee only for wilful or wanton injury." In *Cook v. Southern Railway Co.,* 53 *Ga. App.* 723, 725 (187 S. E. 274), it was said: "The general test as to whether a person is an invitee or a licensee is whether the injured person at the time of the injury had present business relations with the owner of the premises which would render his presence of mutual aid to both, or whether his presence on the premises was for his own convenience, or on business with others than the owner of the premises. In the absence of some relation which inures to the benefit of the two, or to that of the owner, no invitation may be implied, and the injured person must be regarded as a licensee." See also *Cobb v. First National Bank of Atlanta,* 58 *Ga. App.* 160, 163 (198 S. E. 111). "Such owner or occupier of land is liable for a failure to warn his invitees of dangers or defects in such premises or instrumentalities, of which he knew or of which it was his duty to

know in the exercise of ordinary care." *Fulton Ice & Coal Co. v. Pece,* 29 *Ga. App.* 507 (1-b) (116 S. E. 57). If a defective structure is built by the owner or under his direction, his knowledge of the defective condition will be conclusively presumed. *Dobbs v. Noble,* 55 *Ga. App.* 201, 203 (3) (189 S. E. 694); *Mc-Crory Stores Corp. v. Ahern,* 65 *Ga. App.* 334, 337 (15 S. E. 2d, 797). How stands the case upon the application of these legal principles?

It is urged by the plaintiffs in error that the sole purpose of the visit of the plaintiff and his friend was to buy an automobile from Pirkle, and that the other interest was only incidental. We can not subscribe to that view. The petition alleges that in response to an express invitation from Pirkle, "who was in charge of running the business for the defendants," the plaintiff and one Maddox went upon the premises for two purposes: 1. "To sample the products of manufacture and to inspect the machinery, equipment and operation of the plant." 2. "At the same time to discuss with him [Pirkle] the proposed sale of an automobile which the defendant Pirkle was attempting to sell the plaintiff and his business partner, one Maddox, who was with the plaintiff at the time." If it be true that they went upon the premises to sample the products of manufacture, a soft drink, the fact that they were also interested in purchasing an automobile from Pirkle would not nullify the first named purpose or the status of the plaintiff. Hence, the question arises: Was the plaintiff an invitee in the process of entering upon the premises to sample the product in response to the invitation? To sample the "soft drink under the name and style of Mil-Kay Bottling Company" might readily be conceived as something of interest to the plaintiff. It is common knowledge that the public generally enjoys the consumption of soft drinks, and that sampling of a product often induces one to become its devotee. It requires no stretch of the imagination to suggest that associated with the generosity of the donor here was the hope, expectation and interest that the sampling would produce some benefit to it in the way of good will and customers. Thus the allegations here show facts and circumstances which would authorize the jury to find that the visit of the plaintiff was one of mutual benefit to him and the defendants and constituted

882

him an invitee. It is further shown that a portion of the building in proximity to that into which the plaintiff was conducted had been improperly and dangerously constructed, with the result that the overloaded platform fell upon the ceiling of the office into which the plaintiff had been led, and that the ceiling collapsed, and it, the platform, debris, bottles and crates, which had been stored upon the platform, fell upon and injured the plaintiff as described in the petition. The petition as amended set forth a cause of action against the defendants, and the court did not err in overruling all grounds of demurrer.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*