## 44872. PERRY BROTHERS TRANSPORTATION COMPANY v. RANKIN, by Next Friend, et al.

DEEN, Judge. The plaintiff, a seven-year old-child, was injured when playing on premises under the control of the defendant Interstate Homes, Inc., on which it was building a residence for the owner. While playing with other children around the construction materials, he suffered a broken leg apparently caused by a pile of bricks which toppled over on him. The bricks had been delivered to Interstate Homes, Inc., on the premises approximately a month earlier by the defendant Perry Brothers Transportation Co. and left in place on the construction site. At the time they were loaded in the van they were securely tied in bundles with metal bands. The deposition of the plaintiff's mother is to the effect that: (1) the driver of the truck cut the metal bands at the time the bricks were unloaded and stacked; (2) she knew that children had been playing on the construction site, had forbidden her child to go over there, and had asked employees of Interstate Homes, Inc., to see that they did not play on the premises. Although the driver denied that the metal bands holding the bricks were cut when he left the premises, we consider the testimony of the mother in its most favorable light against the motion to grant summary judgment filed by Perry Brothers. The plaintiff testified that he had not been given permission to play in the yard, but went there to play with his brother and sister "and my sister wanted to know if the bricks would fall if I pulled the things out, and I pulled the things out and I started to run because they were starting to fall and they fell on my leg."

The "things" appear to have been boards used for the purpose of holding the stack of bricks in place.

The plaintiff's theory of recovery is that Interstate Homes, the occupier of the premises and which had notice that children had on previous occasions come onto the construction site to play, was negligent in leaving the pile of bricks insecurely supported and that Perry Brothers, the only defendant with which we are concerned here, was jointly negligent through its truck driver in depositing the bricks as it did at the co-defendant's site of operation. It is true that one aware of the custom of children to play around a potentially dangerous structure on its premises is bound to use ordinary care to avoid injuring them after their presence is known or reasonably to be anticipated. *Clinton v. Gunn-Willis Lumber Co.*, 77 Ga. App. 643 (49 SE2d 143). It is also true that the plaintiff, even assuming that contributory negligence on his part might be a jury question (in which connection see *Brewer v. Gittings*, 102 Ga. App. 367, 373 (116 SE2d 500); *Code* § 105-204), was a trespasser. *Crosby v. Savannah Elec. & Power Co.*, 114 Ga. App. 193 (2) (150 SE2d 563). Any knowledge of Interstate Homes of the presence of infant trespassers which would raise the duty of care owed by it to them is not imputable to Perry Brothers unless it also had such knowledge, there being no privity between them except as independent contractors. It is not suggested that this company had any such knowledge at the time the bricks were delivered, or even during the month thereafter when they remained in an apparently static position on the property. Once they were delivered, unless some inherent latent defect existed at that time, the responsibility for their safekeeping shifted to the builder. Apparently there was no such latent defect, since according to the plaintiff's testimony he personally pulled out the supporting boards to see if the bricks would fall, and they did. The only duty of this defendant toward a trespasser on the property on which the bricks were delivered was to refrain from wilfully and wantonly injuring him; no duty of anticipating his presence was imposed. *Mandeville Mills v. Dale*, 2 Ga. App. 607 (58 SE 1060).

It follows that the trial court erred in denying the motion for summary judgment of Perry Brothers Transportation Company.

*Judgment reversed.   Bell, C. J., and Eberhardt, J., concur.*
ARGUED NOVEMBER 3, 1969—DECIDED NOVEMBER 24, 1969—
REHEARING DENIED DECEMBER 10, 1969.

*Nightingale, Liles & Dennard, B. N. Nightingale,* for appellant.

*Adams & Nichols, Ronald Adams,* for appellee.