## 49536. BARBER v. STEELE et al.

CLARK, Judge.

In this suit for the wrongful death of her minor son, Ruby Barber appeals from the grant of co-defendant Hugh Steele's motion for summary judgment. Plaintiff's decedent, Larry Barber, was killed when the automobile in which he was a passenger left the pavement at the temporary end of a portion of Interstate 85. At the time of the occurrence, co-defendant Howard Alewine was the owner and operator of the automobile in question. The movant below, the co-defendant, Hugh Steele, d/b/a Hugh Steele Construction Company, was then engaged in construction of the interstate highway. In her complaint, plaintiff alleged joint and several acts of negligence by both defendants were the proximate cause of her son's death. She alleged Alewine was negligent in

operating his automobile at an excessive rate of speed. The allegation as to the defendant construction concern was negligence in failing to warn the traveling public of the temporary end of the highway by means of "warning signs, gates, lights, reflectors, guards, guard rails, barricades or other warning agencies. . ." (R. 13). Each defendant filed his answer denying the allegations of negligence and the issues were joined. Following discovery, co-defendant Hugh Steele alone moved for summary judgment. His motion was granted and the case is here for review. *Held:*

1. In his deposition of October 27, 1972, at which counsel for all parties were present, co-defendant Alewine testified that on the date of the occurrence he and plaintiff's decedent drove to Atlanta from the Union City area and, to save time, he deviated from his usual route over Georgia state highways and entered a portion of Interstate 85 north which was then under construction; in so doing, Alewine left Highway 138 and traversed a well-defined dirt automobile path which led him to the superhighway; at this point Alewine and Barber were directly across from the location at which the unfortunate occurrence happened later that same night; he observed the dirt area on the opposite side of the Interstate but did not pay it too much attention at the time. Alewine further deposed that the work on the construction site was plain and visible; and that he then understood the unfinished segment of I-85 was not open to the general public. As to the fateful return journey, Alewine averred that he left Interstate 285 and entered Interstate 85 south via another well-defined dirt path; that as he did so his headlights illuminated a sawhorse barricade which had been pushed to the side of the path so cars could get by; that he proceeded down the highway at approximately 60 m.p.h.; and that no signs or barricades indicated he was approaching the end of the pavement.

Alewine's deposition was submitted into evidence in support of defendant Steele's summary judgment motion. Additionally, defendant movant introduced the affidavit of the police officer who investigated the incident. The officer averred, upon his personal knowledge, that in the

performance of his duties he regularly patrolled the paved and unpaved portions of I-85 both prior to and after December 28, 1965; that the portion of the Interstate in question was under construction, closed to the public and unauthorized for public use; and that at all times prior to and on December 28, 1965, he observed a barricade positioned between I-285 and I-85 which had been placed to keep motorists off of this area during construction.

In view of the evidence presented in the court below, we are constrained to affirm the trial court's judgment. A trespasser is one who, though peacefully or by mistake, wrongfully enters upon property owned or occupied by another. *Crosby v. Savannah Electric &c. Co.,* 114 Ga. App. 193 (150 SE2d 563); *Norris v. Macon Terminal Co.,* 58 Ga. App. 313 (198 SE 272); *Rowland v. Byrd,* 57 Ga. App. 390 (195 SE 458). The undisputed evidence demonstrates that Alewine and Barber were trespassers upon the land occupied by defendant Steele.

"The owner of premises, or person in charge thereof, owes no duty to keep the premises in a condition safe for trespassers who come thereon without the knowledge of the owner or person in charge, although the owner may have knowledge that it is customary for such trespassers to come upon the premises." *Rowland v. Byrd,* supra. The only duty of defendant Steele towards plaintiff's decedent was to refrain from wilfully and wantonly injuring him once his presence was known; and no duty of anticipating the decedent's presence was imposed. *Perry Bros. Transp. Co. v. Rankin,* 120 Ga. App. 798 (172 SE2d 154).

2. The plaintiff's remaining enumerations assign error on various evidentiary irregularities. We have scrupulously avoided the use of the evidence of which plaintiff complains in reaching our decision. The remaining enumerations of error are, therefore, without merit.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED JULY 1, 1974 — DECIDED OCTOBER 4, 1974 — REHEARING DENIED NOVEMBER 8, 1974 —

*Larry Cohran,* for appellant.
*Powell, Goldstein, Frazer & Murphy, Robert W. Patrick, Jr., Robert M. Travis,* for appellees.