76601. PLANNED COMMUNITY SERVICES, INC. et al.
v. SPIELMAN et al.
(371 SE2d 193)

DEEN, Presiding Judge.

On February 13, 1985, the appellee, Beatrice Spielman, slipped and fell on a patch of ice on a sidewalk as she approached the condo-

minium of Marie Titsworth. Spielman was a district manager for Avon, Inc., and was calling on Titsworth, who formerly had been an Avon representative, in hopes of persuading her to become once again an "Avon lady."

The circumstances of Spielman's visit to Titsworth are in dispute. It is uncontroverted that days before the incident Spielman called Titsworth to discuss the possibility of Titsworth's returning to Avon. Spielman claims that she and Titsworth made an appointment for her to drop by Titsworth's home some time on February 13, 1985, although she was supposed to call Titsworth beforehand, to make sure that Titsworth was at home. Spielman admits that she never called Titsworth, but decided instead to stop at Titsworth's residence on her way home after her other appointments for the day. Titsworth denies making any appointment for Spielman to visit, and claims that when Spielman previously telephoned she indicated that she was not interested in working for Avon again. It is also uncontroverted that Titsworth was not at home when Spielman attempted to visit.

Snow had fallen in the area the day before the incident, although by Spielman's own testimony most of the snow had melted by the time Spielman went to Titsworth's home. Spielman did not see any snow or ice residue anywhere on the condominium parking lot, or anywhere else on the sidewalk other than the spot where she slipped and fell. The patch of ice where she fell was approximately 2 steps long and covered most of the sidewalk, but about 6 inches of sidewalk remained clear. Spielman acknowledged that she saw the icy patch on the sidewalk before stepping on it, although she did not realize that it was ice because it appeared to be merely water. She also acknowledged that she easily could have avoided the water/ice patch by stepping on the 6-inch strip of clean sidewalk, or by stepping on the adjoining lawn.

As soon as she stepped on the ice, she slipped and fell. Subsequently, she commenced this action against the condominium association and the property management company, who are the appellants here. The appellants, who were not even aware of Spielman's fall until the commencement of the lawsuit in July 1985, denied any knowledge of the ice patch. The trial court denied the appellants' motion for summary judgment, and this interlocutory appeal followed. *Held*:

The appellants contend that they owed Spielman only a duty not to injure her wilfully or wantonly, because at the time of her injury Spielman was either a trespasser or a licensee. Spielman claimed the status of invitee, with its imposition upon the landowner of the duty to exercise ordinary care in keeping the premises safe. The evidence as to Spielman's status was conflicting, but even considered most favorably for Spielman, it would not support a finding that she was an invitee.

By Spielman's own testimony, at the time of her slip and fall Spielman was not on the premises pursuant to a definite appointment or invitation. She may have had a tentative appointment with Titsworth, but she was supposed to call before she visited, in order to make sure that Titsworth would be there. This arrangement certainly was not a standing, open invitation for Spielman to drop by Titsworth's home to discuss employment.

"A licensee is a person who: (1) Is neither a customer, a servant, nor a trespasser; (2) Does not stand in any contractual relation with the owner of the premises; and (3) Is permitted, expressly or impliedly, to go on the premises merely for his own interests, convenience, or gratification." OCGA § 51-3-2 (a). A visitor is the invitee of the owner if his presence on the premises promotes the mutual interests of the owner and the visitor. *Frankel v. Antman*, 157 Ga. App. 26 (276 SE2d 87) (1981). In the instant case, Spielman's decision to stop by Titsworth's residence without first calling to make a definite appointment served only Spielman's convenience, and Spielman's status at best was that of licensee.

"The owner of the premises is liable to a licensee only for willful or wanton injury." OCGA § 51-3-2 (b); *Brown v. Clay*, 166 Ga. App. 694 (305 SE2d 367) (1983). "The codified standard 'wilful or wanton' imports deliberate acts or omissions, or . . . that which discloses 'an inference of *conscious indifference* to the consequences.'" *Washington v. Trend Mills*, 121 Ga. App. 659, 660 (175 SE2d 111) (1970). The evidence in the instant case in no way supports even an inference of wilful or wanton conduct on the part of the appellants, and the trial court should have granted summary judgment for the appellants.

*Judgment reversed. Carley and Sognier, JJ., concur specially.*

CARLEY, Judge, concurring specially.

While I agree with the majority opinion's conclusion that the order of the trial court denying appellant's motion for summary judgment must be reversed, I cannot in any way agree with the basis upon which that decision is reached. The majority determines as a matter of law that appellee was a licensee or trespasser and thus, because there was no evidence of wilful or wanton conduct on the part of appellants, appellee is not entitled to recover. Contrary to the majority's recitation of the circumstances surrounding appellee's visit to Ms. Titsworth's condominium, there is definitely a genuine issue of material fact as to whether appellee was an invitee as opposed to a mere licensee or a trespasser. The appellee testified positively that she and Ms. Titsworth "made an appointment. . . . We made the appointment for the 13th." The majority appears to rely upon the fact that appellee did not call Ms. Titsworth before she went to the condominium units. However, according to appellee's testimony, such a call

would have been only a matter of convenience because Ms. Titsworth had told her "I may not be home in time" and appellee decided not to stop her car and make the telephone call since Ms. Titsworth's residence was on her way home. Construing the evidence in favor of appellee as respondent to a motion for summary judgment, we must assume that appellee was an invitee and, therefore, she was entitled to expect appellants to exercise ordinary care in keeping the premises safe.

Nevertheless, even though appellee occupies the status of invitee, the record clearly shows that she is not entitled to recover in this case. By appellee's own testimony, she saw a "wet patch" that she thought was water but which turned out to be ice. The appellee saw this "wet patch" *prior* to stepping on it. "In view of [appellee's] knowledge of the [wet patch] on the pavement, summary judgment in favor of" appellants should have been granted. *McIntyre v. Corp. Property Investors*, 160 Ga. App. 868, 869 (288 SE2d 584) (1982). Thus, for entirely different reasons than those stated by the majority, I believe that the trial court erred in denying appellants' motion for summary judgment.

I am authorized to state that Judge Sognier joins in this special concurrence.

DECIDED JUNE 8, 1988 —
REHEARING DENIED JULY 5, 1988 — ▮▮▮▮▮▮▮▮

*Michael S. Huff, Reagan W. Dean*, for appellants.
*Charles B. Tanksley, Roy E. Barnes, Jerry A. Landers Jr.*, for appellees.