A90A0893. EDMUNDS et al. v. COPELAND.
(398 SE2d 280)

COOPER, Judge.

Appellants Jean and James Edmunds appeal from the grant of appellee's motion for summary judgment in a slip and fall case. The complaint alleged that appellee was negligent in maintaining the walkway to his front door and in failing to warn of the walkway's slick condition.

Viewing the evidence in a light most favorable to appellants, the record shows that Mrs. Edmunds, an insurance salesperson, attempted to make a sales call at appellee's residence. Although appellee could not remember doing so, it appears that appellee had completed a card expressing interest in insurance which was obtained by

Mrs. Edmunds' employer and used to identify potential customers. On the day of the incident, Mrs. Edmunds went to appellee's home without an appointment. Appellee was in the backyard when Mrs. Edmunds arrived. Mrs. Edmunds testified that she identified herself and explained the purpose of her visit. Appellee, an elderly man, testified he was hard of hearing but thought she said something about Medicare and for that reason asked her to go to the front door because the back gate was locked. Mrs. Edmunds walked across the lawn to the front walkway where she fell. No foreign substance was found in the area or on her shoes; however, appellee testified that over the years he painted the walkway. The record contains an affidavit and deposition of a mechanical engineer retained by appellants which cited various publications, including a Georgia DOT manual, a U. S. Army manual and a gardening handbook, all of which describe an alternative method of finishing concrete sidewalks. Although the expert concluded that had the walkway been "broom finished" it would have been less slippery, he admitted that the walkway did not violate any standard applicable to residences. The expert also concluded that the paint increased the probability of a slip on foreign material attached to someone's shoe.

In his motion for summary judgment, appellee contended Mrs. Edmunds was a licensee to which he owed a duty only in the event of willful or wanton negligence. If, however, she were deemed an invitee, appellee contended he was also not liable for ordinary negligence.

" 'A licensee is a person who: (1) Is neither a customer, a servant, nor a trespasser; (2) Does not stand in any contractual relation with the owner of the premises; and (3) Is permitted, expressly or impliedly, to go on the premises merely for his own interests, convenience, or gratification.' [Cit.] A visitor is the invitee of the owner if his presence on the premises promotes the mutual interests of the owner and the visitor. [Cit.] In the instant case, [Mrs. Edmunds'] decision to stop by [appellee's] residence without first calling to make a definite appointment served only [Mrs. Edmunds'] convenience . . . ." *Planned Community Svcs. v. Spielman*, 187 Ga. App. 703, 705 (371 SE2d 193) (1988). Appellants argue that based upon appellee's "invitation" to the front door Mrs. Edmunds should be afforded the status of an invitee. OCGA § 51-3-1 defines an invitee as one who is induced by an express or implied invitation to enter the premises of another. At the time appellee instructed Mrs. Edmunds to go to the front of the house, she had already entered the property, and when Mrs. Edmunds was injured, there was no business relationship between the parties, such that they shared a mutuality of interest. Under the circumstances present in this case, even though the parties presented differing accounts of what was said at the back fence, Mrs. Edmunds was a licensee. See *Atkins v. Tri-Cities Steel*, 166 Ga. App.

349, 350 (304 SE2d 409) (1983).

" 'The owner of the premises is liable to a licensee only for willful or wanton injury.' [Cits.] 'The codified standard "wilful or wanton" imports deliberate acts or omissions, or . . . that which discloses "an inference of *conscious indifference* to the consequences." ' [Cit.] The evidence in the instant case in no way supports even an inference of wilful or wanton conduct on the part of the [appellee], and the trial court [properly] granted summary judgment for the [appellee]." *Planned Community Svcs.*, supra at 705.

Even if the conversation at the back fence is viewed as raising genuine issues of material fact as to whether or not Mrs. Edmunds was an invitee, we conclude that the trial court was, nevertheless, correct in granting summary judgment because the evidence does not support a finding of ordinary negligence on appellee's part. Where an individual alleges he fell because of slippery wax, oil or other finish placed on a floor, he must, "at a minimum, show that the defendant was negligent either in the materials he used in treating the floor or in the application of them." *Alterman Foods v. Ligon*, 246 Ga. 620, 624 (272 SE2d 327) (1980). Although the expert testified that a "broom finish" would have been less slippery based on the sources cited above, he could point to no standard requiring a homeowner to have a particular type of walkway finish, nor would he opine as to what a safe walking surface standard might be. His testimony with regard to the perils of paint described the probable consequence of someone walking on a painted walkway and slipping on a substance attached to his shoe or present on the walkway. However, there was no evidence of any such foreign substances. We conclude, therefore, that summary judgment was properly granted.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 17, 1990.

*S. Phillip Brown*, for appellants.
*Chambless, Higdon & Carson, Marc T. Treadwell*, for appellee.