## A93A1491. STANFIELD v. KIME PLUS, INC.
(436 SE2d 54)

SMITH, Judge.

Ophelia Stanfield filed suit against Kime Plus, Inc., a cleaning contractor at Fort Stewart, to recover damages for personal injuries incurred when she slipped and fell on the premises of the mess hall at the post. At trial, Kime Plus moved for a directed verdict at the close of Stanfield's case-in-chief and again at the close of all evidence, and both times the trial court reserved ruling on the motion. The jury returned a verdict in favor of Stanfield for $36,669. Because no ruling had been made on the motions for directed verdict, the trial court entered judgment on the jury's verdict and treated the pending motions for directed verdict as a motion for j.n.o.v., which the court then granted. See *Anaya v. Brooks Auto Parts*, 203 Ga. App. 485 (1) (417 SE2d 423) (1992).

The record reveals that Stanfield and her daughter-in-law, Yvonne, had come to the mess hall after the noon meal to pick up Stanfield's son, who worked as a cook. Yvonne testified that she did so routinely, and had often observed that the floors were being cleaned at that hour. On those occasions, the front doors were locked with a chain to prevent entry, requiring her to enter the hall through a side door. This time, because the front doors were not chained, it did not occur to her that the floors were being cleaned. Yvonne preceded Stanfield into the vestibule, and had opened the inner glass door to proceed further when Stanfield slipped and fell. Yvonne testified that a woman immediately came up and apologized for not locking the door.

Patricia Furman, a shift leader for Kime Plus, testified she was stripping wax off the floor in the entryway when Stanfield and Yvonne arrived. She testified she had applied a stripping solution to the floor and left to get fresh water, having propped the inner door open with a yellow bucket on which appeared the warning: "CAUTION WET FLOOR." Furman's testimony was corroborated by Kelly Mae Adams, a Kime Plus employee who was helping her clean the floor. Each testified the stripping solution was easily detectable on the floor, by its appearance as well as by its strong odor. Their testimony conflicted with that of Stanfield, who denied seeing a bucket, denied seeing anything on the floor and said the floor just looked "like it was waxed." Yvonne testified she had seen nothing on the floor before Stanfield slipped, but afterwards she noticed a "creamy looking" substance. She also testified she observed a mop bucket "a good ways" down the hall.

Stanfield contends the evidence supports the jury's verdict in her favor, and consequently, the trial court erred in granting j.n.o.v. in favor of Kime Plus.

Stanfield's presence on the premises was purely for her own benefit, and did not benefit Kime Plus in any way, and it is undisputed that her legal status was that of a licensee on the premises. OCGA § 51-3-2 (a); *Brown v. Clay*, 166 Ga. App. 694, 695 (305 SE2d 367) (1983). The parties so stipulated. The only duty owed to her by Kime Plus, therefore, was to refrain from "willful or wanton" injury, from deliberate acts or omissions and those that warrant an inference of conscious indifference to consequences. OCGA § 51-3-2 (b); *Edmunds v. Copeland*, 197 Ga. App. 292, 294 (398 SE2d 280) (1990). To support a verdict in her favor, Stanfield was required to present evidence of wilful and wanton behavior on the part of Kime Plus. This she did not do. As argued by Stanfield, questions of fact indeed may have existed regarding the presence of the yellow bucket with the warning and the visibility of the stripping solution. Regardless of how these fact questions might have been resolved, though, *none* of the evidence may reasonably be construed as showing acts or omissions of a deliberate nature attributable to Kime Plus, nor does the evidence in any way support a reasonable inference of Kime Plus's conscious indifference to consequences.

The standard for granting j.n.o.v. is the same as that for the award of a directed verdict. *Morris v. Futch*, 193 Ga. App. 132, 133 (1) (386 SE2d 905) (1989). It should be granted when "there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." OCGA § 9-11-50 (a). As no evidence showed that the injury was the result of the wilful and wanton conduct of Kime Plus, a judgment in favor of Kime Plus was demanded. "Where a ver-

dict for a party is demanded as a matter of law and the jury has returned an adverse verdict, the grant of a judgment n.o.v. is not error. [Cit.]" *Jamison v. First Ga. Bank*, 193 Ga. App. 219, 224 (3) (387 SE2d 375) (1989).

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 17, 1993.

*Jones, Osteen, Jones & Arnold, G. Brinson Williams, Jr.*, for appellant.

*Barrow, Sims, Morrow & Lee, Jordan D. Morrow*, for appellee.