A04A0987. GOMEZ et al. v. JULIAN LeCRAW & COMPANY et al.
(604 SE2d 532)

RUFFIN, Presiding Judge.

Alba Gomez sued Julian LeCraw & Company ("LeCraw") and Roundtrippers, L.P. ("Roundtrippers") for damages she allegedly sustained when she fell at an apartment complex owned by Roundtrippers and managed by LeCraw.[1] LeCraw and Roundtrippers moved for summary judgment. The trial court granted the motion, and Gomez appeals. For reasons that follow, we affirm.

"Summary judgment is appropriate when no genuine issues of material fact remain and the undisputed facts, viewed in the light most favorable to the non-moving party, warrant judgment as a matter of law."[2] So viewed, the evidence shows that Gomez and her husband lived in an apartment leased by her cousin, Anna Chacon, and Chacon's husband. According to Gomez, Chacon assigned Gomez's family a bedroom in the apartment, and they shared in the rent and utility expenses.

The apartment lease provided that "the apartment shall be occupied only by the persons named in [the] resident's rental application. Substitution or addition of any residents will be allowed only with prior written consent of management." Neither Gomez's name nor her husband's name appeared on the lease, and Gomez admitted at deposition that they never informed the apartment's management company or owner about their presence.

On December 1, 1998, Gomez left the apartment to go shopping and noticed workmen pulling up carpet in the hallway. When she returned from her shopping trip, the workers were no longer present, and she did not see any warning signs or barricades around the work

---

[1] Gomez's husband also asserted a claim for loss of consortium. For ease of discussion, we will refer to the plaintiffs collectively as "Gomez."

[2] (Punctuation omitted.) *Emory Univ. v. Smith*, 260 Ga. App. 900 (581 SE2d 405) (2003).

site. Gomez stepped on the cement that had previously been covered by carpet and fell on a slippery substance, which burned her skin.

The record shows that contractors removing the carpet from the hallway used a chemical to strip the carpet glue from the cement. LeCraw contends that it sent a notice to residents on November 30, 1998, warning that workers would be using a "very strong and slippery" chemical to remove the carpet and that residents should not step in these areas. Gomez testified that she never received a notice from the management company.

Following her fall, Gomez sued LeCraw, Roundtrippers, and Young's Cleaning Service, Inc., the cleaning company that LeCraw hired to strip the carpet. LeCraw and Roundtrippers moved for summary judgment, arguing that Gomez was merely a trespasser on the property and that they did not breach a duty of care owed her. The trial court agreed and granted the motion. We find no error.[3]

1. "Generally, members of a tenant's family, his guests, servants, employees, or others present by his express or implied invitation, stand in his shoes, and are controlled by the rules governing the tenant as to the right of recovery for injuries arising from failure to keep the premises in repair."[4] In other words, guests of a tenant are invitees upon the landlord's property.[5] And, "[i]n the absence of a special contract, the landlord has no right to forbid a person to go upon the premises in the possession of a tenant, by the latter's permission and for a lawful purpose."[6]

Citing these principles, Gomez argues that, as a guest of Chacon, she was an invitee on the premises, and, therefore, the landlord and its management company owed her a duty of reasonable care with respect to common areas in the apartment complex. She further argues that, given her testimony that no warning signs, barricades, or cautionary tape provided notice about dangers associated with the work area, questions of fact remain as to whether LeCraw and Roundtrippers exercised such care. We disagree.

(a) The record shows that Gomez was not merely visiting her cousin's apartment. She lived there, and, according to her complaint, she considered herself to be a tenant. As noted above, absent a special contract, a landlord cannot prevent a tenant from inviting someone

---

[3] Young's Cleaning Service failed to answer Gomez's complaint and was placed in default. It subsequently moved to open the default, but the trial court denied the motion. That ruling is not before us.

[4] (Punctuation omitted.) *Hohnerlein v. Thomas*, 186 Ga. App. 282-283 (367 SE2d 95) (1988).

[5] See id. at 283.

[6] (Punctuation omitted.) *Arbee v. Collins*, 219 Ga. App. 63, 64 (1) (463 SE2d 922) (1995).

onto leased premises.[7] In this case, however, such special contract existed. The apartment lease specifically stated that only those persons listed on the rental application were permitted to live in the apartment. New residents could be added under the lease, but only with the landlord's prior consent. Gomez is not listed on the lease, and she has offered no evidence that the landlord or its management company consented to — or even knew about — her presence in the apartment.

Under these circumstances, we agree with the defendants that Gomez was a trespasser. When Gomez fell, she was on the premises as a resident, be it improperly, not as a guest. And the lease shows that she was not authorized to reside in her cousin's apartment. Thus, despite her familial relationship with Chacon and her presence at Chacon's invitation, she was, with respect to the landlord and its management company, a trespasser, rather than an invitee.[8] We recognize that Gomez may not have realized that her living arrangements violated the lease. Under Georgia law, however, "a trespasser is one who, *though peacefully or by mistake*, wrongfully enters upon property owned or occupied by another."[9]

(b) Having established Gomez's status as a trespasser, we now must consider whether LeCraw or Roundtrippers breached the applicable standard of care. A landowner owes only a minimal duty to a trespasser: to avoid wilfully or wantonly injuring him or her.[10] Construed favorably to Gomez, the record shows that workers failed to post warning signs or erect safety barriers in the area where they were using a slippery chemical to remove carpet adhesive from a common area. The absence of such barricades or warnings does not, by itself, show wilful or wanton behavior by LeCraw or Roundtrippers.[11]

---

[7] See id.

[8] See *Block v. Brown*, 199 Ga. App. 127, 128-130 (1) (404 SE2d 288) (1991) (finding, in case involving landlord's right to dispossess sublessee from leased property, that sublessee was a mere trespasser because the landlord did not consent to the sublease or accept the sublessee as its tenant); see also *Travelers Ins. Co. v. Linn*, 235 Ga. App. 641, 646 (3) (a) (510 SE2d 139) (1998) (physical precedent only) (the terms "invitee" and "licensee" "are generally understood to refer to individuals who come onto the property of another for business or social reasons, and not to be permanent residents").

[9] (Punctuation omitted; emphasis supplied.) *Frank Mayes & Assoc. v. Massood*, 238 Ga. App. 416, 418 (1) (518 SE2d 903) (1999).

[10] See id.; *Mansfield v. Colwell Constr. Co.*, 242 Ga. App. 669, 671-672 (530 SE2d 793) (2000).

[11] See *Stanfield v. Kime Plus, Inc.*, 210 Ga. App. 316, 317 (436 SE2d 54) (1993) (evidence that landowner failed to place warning signs in area where floor was being stripped of wax did not constitute proof that landowner acted wilfully or wantonly toward individual who entered premises and slipped on floor). Cf. *Brooks v. Logan*, 134 Ga. App. 226, 230 (3) (213 SE2d 916) (1975) (wilful or wanton conduct may be found where landowner expects a trespasser to enter the land and sets a trap designed to cause injury, hides a dangerous condition on the land in

As explained by our Supreme Court, however, "it is considered wilful or wanton not to exercise ordinary care to protect anticipated trespassers from dangerous activities or hidden perils on the premises."[12] Relying on this legal principle, Gomez argues that LeCraw and Roundtrippers knew that she was approaching the work area before she fell and, regardless of her status as a trespasser, were duty-bound to warn her about the danger. She points to deposition testimony from Mike Young, the owner of Young's Cleaning Service, to support her argument. According to Young, a subcontractor Young hired to clean the area told Young that he and several other workers saw Gomez walk toward the work area prior to her fall. Young reported that these workers tried to assist Gomez through the work site, but she refused their assistance.[13]

Based on Young's testimony, Gomez claims that LeCraw and Roundtrippers knew about or should have anticipated her presence at the time of her fall. But Gomez has made no effort to tie the workers referenced in Young's deposition to LeCraw or Roundtrippers. The only individuals that Young identified by name were employed by the subcontractor Young hired. And Gomez has cited no basis for imputing the knowledge of these subcontractors to LeCraw or Roundtrippers.[14] Furthermore, Gomez has not established that Young's hearsay testimony regarding what these workers told him would be admissible at trial.[15]

Gomez has pointed to no evidence that LeCraw or Roundtrippers knew about, or should have anticipated, her presence before she fell. Accordingly, they did not owe her a duty of ordinary care, and Gomez has not shown their conduct to be wilful or wanton. Under these circumstances, LeCraw and Roundtrippers were entitled to summary judgment on the premises liability claim.

2. Gomez also argues that the trial court erred in granting LeCraw and Roundtrippers summary judgment on her punitive damages claim. But, since the trial court properly granted both

order to obscure it or render it undetectable to a trespasser who approaches it, or has "knowledge . . . of the existence of a dangerous or hazardous condition coupled with a conscious indifference to the consequences, so that a deliberate intent to inflict injury is inferable") (punctuation omitted).

[12] *Trammell v. Baird*, 262 Ga. 124, 125-126 (413 SE2d 445) (1992).

[13] In contrast, Gomez testified that she saw no workers in the area before she fell and that no one warned her about the danger.

[14] See *Perry Bros. Transp. Co. v. Rankin*, 120 Ga. App. 798, 799 (172 SE2d 154) (1969) (knowledge of land occupier regarding presence of trespasser was "not imputable to [independent contractor working on land] unless [independent contractor] also had such knowledge, there being no privity between them except as independent contractors").

[15] See *Harrell v. Fed. Nat. Payables*, 264 Ga. App. 501, 504 (3) (591 SE2d 374) (2003) (" 'All hearsay evidence, unsupported conclusions, and the like, must be stricken or eliminated from consideration in a motion for summary judgment.' ").

defendants summary judgment on her substantive premises liability claim, the grant of summary judgment on the punitive damages claim was also proper.[16]

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED JULY 21, 2004 —
RECONSIDERATION DENIED SEPTEMBER 14, 2004 —

*Goico & Bolet, Albert J. Bolet III, Bogart & Bogart, George R. Ference*, for appellants.

*McLaughlin, Hendon, Miller & Croy, James C. McLaughlin, Jr., Martin & Miller, Thomas A. Cox, Jr., Johnson & Freeman, Ronald J. Freeman*, for appellees.

---

[16] See *Albee v. Krasnoff*, 255 Ga. App. 738, 744 (7) (566 SE2d 455) (2002).