[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14634
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 7, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-03520-TWT

ALVIN L. KENDALL,

                                                        Plaintiff-Appellant,

versus

THAXTON ROAD LLC,
HATHAWAY DEVELOPMENT COMPANY, INC., et al.,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 7, 2011)

Before TJOFLAT, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

        Alvin Kendall, proceeding pro se,  appeals the dismissal without prejudice

of his complaint brought pursuant to the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251-1376 and Georgia state law. Kendall's complaint named as defendants: (1) Thaxton Road, LLC, the owner or operator of a development site, Bedford Estates, that was the alleged source of pollutants flowing onto property located at 3810 Thaxton Road; (2) Hathaway Development Company, Inc., another owner or operator of the development site; (3) Atlantic Southern Bank, a provider of financing for the development; (4) Flag Bank, now known as RBC Centura Bank, another provider of financing; (5) Bobby Smith, the Development Services Manager for the Fulton County Department of Environmental and Community Development, in his individual and official capacity; (6) Dick Wilcox, the Director of the Fulton County Department of Environment and Community Development, in his individual and official capacity; and (7) Elite Engineering, P.C., the engineering firm that designed the plans for the development site.

Kendall raises several arguments on appeal. First, Kendall argues that the district court erred in dismissing his state law claims because its finding that he lacked standing was erroneous. Second, Kendall argues that the district court erred in dismissing his CWA claims because he also possessed standing to pursue those claims. Third, Kendall argues that the district court erred in denying his motion to amend his complaint. Fourth, Kendall argues that the district court

erred in denying as moot his motion for disqualification of the attorneys for Thaxton Road, Hathaway Development Company, Atlantic Southern Bank, and RBC Centura Bank. Fifth, Kendall argues that the district court erred in denying as moot his motion for the cost of service against Atlantic Southern Bank and Elite Engineering. Finally, Kendall argues that the district court erred by dismissing his default judgment against Elite Engineering.

## I. State Law Claims

Kandall first challenges the district court's determination that he lacked standing to pursue his state law claims. "We review de novo the district court's grant of a motion to dismiss under [Rule] 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will therefore be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

To properly state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007), the Supreme Court held that, in an antitrust case, a complaint must

3

contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." In <u>Ashcroft v. Iqbal</u>, 556 U.S. __, 129 S. Ct. 1937, 1953 (2009), the Supreme Court held that the rule in <u>Twombly</u> applied beyond antitrust cases to all civil actions. In <u>Iqbal</u>, the Supreme Court held that Rule 8(a) does not require "detailed factual allegations," but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u>, 129 S. Ct. at 1949 (citations omitted). Although a court will take factual allegations in a complaint as true, it does not have to accept legal conclusions, couched as factual accusations, as true. <u>Id.</u>, 129 S. Ct. at 1949-50. Courts considering motions to dismiss should apply these principles by first eliminating any allegations in a complaint that are merely legal conclusions, and then determining whether the remaining factual allegations "plausibly give rise to an entitlement to relief." <u>Am. Dental Ass'n v. Cigna Corp.</u>, 605 F.3d 1283, 1290 (11th Cir. 2010).

We affirm the dismissal of Counts 3 through 10 as to Atlantic Southern Bank and RBC Centura Bank, as the only allegation in Kendall's complaint as to these defendants is that they loaned money for the Bedford Estates Development. Kendall provides this Court with no law to support state law claims against a party that is merely a lender. Thus, Kendall has failed to state a claim for relief against the banks under Georgia law that is plausible on its face.

4

With regard to Defendants Thaxton Road, Hathaway Development Company, and Elite Engineering, the district court erroneously dismissed without prejudice the majority of Kendall's state law claims. In the complaint, Kendall asserted that he was the occupier of the property located at 3810 Thaxton Road. The veracity of this claim is undisputed. Dismissal, based on Kendall's mistaken legal conclusion that he was also the owner of the property was an erroneous application of Twombly and Iqbal. The appropriate response to Kendall's incorrect assertion of ownership was to strike that legal conclusion from the complaint and determine if the remaining factual allegations stated a claim for which relief could be granted. See Am. Dental Ass'n, 605 F.3d at 1290. The undisputed fact that Kendall occupied the allegedly damaged property was enough for most of Kendall's claims to survive. Specifically, the substantive law governing Counts 3 through 10, with the exception of the riparian claim, Count 7, allows for standing by occupiers of real property. See, e.g., Parker v. Scrap Metal Processors, Inc., 386 F.3d 993, 1017 (11th Cir. 2004) ("[O]wnership or occupancy is a necessary element of a claim for nuisance under Georgia law.") (emphasis added); Barber v. Steele, 211 S.E.2d 133, 134 (Ga. Ct. App. 1974) ("A trespasser is one who . . . wrongfully enters upon property owned or occupied by another.")

(emphasis added).[1] But see Ga. Code Ann. § 44-8-1 (2010) ("Running water belongs to the owner of the land on which it runs; but the landowner has no right to divert the water from its usual channel nor may he so use or adulterate it as to interfere with the enjoyment of it by the next owner.") (emphasis added). Accordingly, with regard to Defendants Thaxton Road, Hathaway Development Company, and Elite Engineering, we vacate and remand as to Counts 3 through 6 and Counts 8 through 10 of Kendall's complaint.

## II. CWA Claims

Kendall next appeals the district court's dismissal of Counts 1 and 2 of the complaint, claims under the CWA. Congress enacted the CWA in 1972 in order to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251; S. Fla. Water Mgmt. Dist. v. Miccosukee Tribe of Indians, 541 U.S. 95, 102, 124 S. Ct. 1537, 1541 (2004). The CWA prohibits the discharge of pollutants into United States waters, except as authorized by the statute. 33 U.S.C. § 1311(a). The statute expressly allows citizens to serve the public as private attorneys general when they have suffered injuries in violation of the Act. See Middlesex Cnty. Sewerage Auth. v. Nat'l Sea

---

[1] Notably, Defendants fail to respond to Kendall's claim that he possesses standing to sue as the occupier of the property.

Clammers Ass'n, 453 U.S. 1, 16-17, 101 S. Ct. 2615, 2624 (1981).

A party need not be an owner of property to have standing to bring a citizen suit under the CWA. In the instant case, Kendall alleges that he was injured in his capacity as an occupant of the property. All that is required for standing under the CWA is that the plaintiff suffered injury in violation of the Act. Thus, Kendall's complaint included sufficient facts to establish standing to bring a citizen suit under the CWA, even without the support of his claim to ownership of the property. As stated above, under Twombly and Iqbal, the appropriate response to the incorrect assertion of ownership was to strike that legal conclusion from the complaint, rather than dismissing the entire complaint. Accepting the remaining allegations in the complaint as true and construing them in the light most favorable to Kendall, Kendall's complaint satisfied Iqbal and Twombly on the issue of standing.

The CWA requires citizen plaintiffs to notify alleged violators of their intent to sue at least sixty days before filing a complaint. 33 U.S.C. § 1365(b)(1)(A). We review the sufficiency of such pre-suit notice de novo. Nat'l Parks and Conservation Ass'n v. Tenn. Valley Auth., 502 F.3d 1316, 1328 (11th Cir. 2007). This pre-suit notice must contain:

sufficient information to permit the recipient to identify the specific

7

standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, <u>and the full name, address, and telephone number of the person giving notice</u>.

40 C.F.R. § 135.3 (emphasis added). "The notice requirements are strictly construed to give the alleged violator the opportunity to correct the problem before a lawsuit is filed." <u>Nat'l Parks</u>, 502 F.3d at 1329. "If a plaintiff fails to comply with [the] notice requirement where it is applicable, the district court is required to dismiss the action." <u>Nat'l Envtl. Found. v. ABC Rail Corp.</u>, 926 F.2d 1096, 1097-98 (11th Cir. 1991).

The district court's finding that the notice to sue letter was defective on its face was erroneous. A notice of intent to sue letter need not include every party that might conceivably wish to join a suit; it only needs to identify the parties bringing suit. <u>See</u> 40 C.F.R. § 135.3. Here, the notice of intent to sue letter specifically identified Kendall and his wife, Angela Y. Dawson. Defendants Thaxton Road, Hathaway Development Company, and Elite Engineering had notice that Kendall and Dawson intended to bring suit, and the letter included the plaintiff's names, addresses, and telephone numbers. Kendall's erroneous claim of ownership of the property did not prevent Defendants from having clear notice of

8

who was alleging the violations of the CWA. Likewise, it did not prevent Defendants from taking steps to alleviate the alleged injury. Accordingly, both the spirit of the statute and its technical requirements were met. We vacate and remand the district court's dismissal of Counts 1 and 2 of Kendall's complaint as to Thaxton Road, Hathaway Development Company, and Elite Engineering.

We affirm the district court's dismissal of Counts 1 and 2 as to Smith and Wilcox, as the notice letter was defective as to them. "[W]e may affirm a decision by the district court on any adequate ground, even if it is other than the one on which the district court actually relied." Whitaker v. Am. Airlines, Inc., 285 F.3d 940, 947 (11th Cir. 2002) (quotation omitted). The notice letter was not sent to Smith or Wilcox personally and nowhere mentioned Smith or Wilcox as possible defendants in a lawsuit brought pursuant to the CWA. Consequently, they were not given sufficient notice to correct the alleged problem or identify the possibility of a lawsuit against them. Accordingly, we affirm the dismissal of Counts 1 and 2 as to Smith and Wilcox.

We also affirm the district court's dismissal of Counts 1 and 2 as to Atlantic Southern Bank and RBC Centura Bank, because, even if notice was proper, the only allegation in Kendall's complaint as to these defendants is that they loaned money for the Bedford Estates development. Kendall has provided this Court with

9

no law in support of the proposition that a CWA claim may be pursued against a party that has merely provided financing to an alleged polluter. Thus, Kendall has failed to state a claim for relief that is plausible on its face under the CWA against the banks.

### III. Motion to Amend Complaint

Kendall argues that the district court erred in denying his motion to amend the complaint. We review the denial of a motion to amend a complaint for abuse of discretion. Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005) (per curiam). The decision of a district court to enforce its pre-trial scheduling order is also reviewed for an abuse of discretion. Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam).

A party may amend its pleading as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (alteration in original, citation omitted, emphasis

10

added) (per curiam).

District courts are required to enter a scheduling order that limits the time to join other parties and to amend the pleadings. Fed. R. Civ. P. 16(b). When a party's motion to amend is filed after the scheduling order's deadline for such motions, the party must show good cause for why leave to amend should be granted. See Sosa, 133 F.3d at 1419. A district court may deny a motion to amend on "numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment." Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ., 342 F.3d 1281, 1287 (11th Cir. 2003) (citation and quotations omitted).

The district court properly found that Kendall's motion to amend was untimely. Kendall filed his motion over two months after the deadline set in the district court's scheduling order. Moreover, the facts with which Kendall wished to amend his complaint were known to Kendall at the time he filed his initial complaint. See Sosa, 133 F.3d at 1419 (providing that a relevant factor in finding that a court did not abuse its discretion in denying leave to amend was that "the information supporting the proposed amendment to the complaint was available to [the plaintiff] even before she filed suit"). Because Kendall failed to establish good cause for why leave to amend should be granted, and because the district

11

court dismissed the complaint without prejudice, the district court did not abuse its discretion by denying leave to amend. See Smith v. School Bd. of Orange Cnty, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (per curiam) (holding that "where a party files an untimely motion to amend, [we] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing an amendment). Accordingly, we affirm the district court's denial of Kendall's motion for leave to amend.

## IV. Motion to Disqualify and Motion for Costs

Because the district court's dismissal of Kendall's complaint was erroneous, denial of Kendall's motion to disqualify attorneys and his motion for cost of service against Elite Engineering and Atlantic Southern Bank as moot was premature. The district court should consider these motions on the merits on remand.

## VI. Motion for Default Judgment

Under the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," the clerk shall enter a default against that party. Fed. R. Civ. P. 55(a). We review a district court's decision made in the course of managing its docket for an abuse of discretion. See Young v. City of Palm Bay, Fla., 358 F.3d 859, 863-64 (11th

12

Cir. 2004). The Federal Rules of Civil Procedure allow a court to set aside a default "for good cause." Fed. R. Civ. P. 55(c). A district court has "the power to control and direct the cases on its docket," including "the inherent power to dismiss a case." Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May1981).

Dismissal of the default judgment on the basis that the complaint failed to state a claim against Elite Engineering was erroneous and an abuse of discretion. As stated above, the complaint did plead sufficient facts to establish standing at the motion to dismiss stage. We leave it to the district court to consider on remand whether, in light of this ruling, good cause exists to dismiss the default judgment against Elite. See Fed. R. Civ. P. 55(c).

Upon review of the record and consideration of the parties' briefs, we vacate and remand in part, and affirm in part.

**VACATED and REMANDED in part, AFFIRMED in part**.[2]

---

[2]    Appellant's request for oral argument is denied as moot.