## S94A1317. FULTON COUNTY BOARD OF TAX ASSESSORS
## v. JONES et al.
### (452 SE2d 99)

FLETCHER, Justice.

The Fulton County Board of Tax Assessors appeals from the grant of mandamus ordering the board to certify to the superior court the notice of appeal that several taxpayers filed challenging their 1993 property tax assessments. We affirm.

Kelly Leon Jones, Jr. and other Fulton County taxpayers appealed their 1993 property tax assessments to the board of tax assessors and then to the Fulton County Board of Equalization. After the taxpayers failed to appear in person at scheduled hearings, the equalization board concluded that the assigned property values were appropriate. The taxpayers tried to appeal that decision to the superior court under OCGA § 48-5-311, but the board of tax assessors refused to certify the notice of appeal. It concluded that the taxpayers had failed to exhaust their administrative remedies when they did not appear at the equalization board hearing and thus were not entitled to a review in superior court. The taxpayers filed a petition for mandamus seeking to have the board certify their appeals.

1. Mandamus will issue against a public officer when a petitioner has a clear legal right to the relief sought or there has been a gross abuse of discretion. *Dougherty County v. Webb*, 256 Ga. 474, 475 (350 SE2d 457) (1986). The taxpayers sought mandamus in this case to require the board of tax assessors to perform an administrative duty required by law.

2. Nothing in the statutory procedure for appealing decisions on property tax assessments requires the taxpayer to attend the equalization board hearing. The statute provides: "A taxpayer *may* appear before the board concerning any appeal in person, by his authorized agent or representative, or both." (Emphasis supplied.) OCGA § 48-5-311 (e) (6) (A) note (Supp. 1994).[1] If the taxpayer or his representative fails to appear in person, the equalization board determines the disputed issues based on the best information available to it. See OCGA § 48-5-311 (e) (5) (A).

Moreover, the statute does not give the board of tax assessors the discretion to refuse to certify the notice of appeal based on the taxpayer's failure to be present at the hearing. The statute requires the equalization board to issue a written decision after the hearing. OCGA § 48-5-311 (e) (6) (B) (C) (i). The taxpayer appeals that decision by filing a written notice of appeal with the board of tax assessors. OCGA § 48-5-311 (f) (2). "The county board of tax assessors

---

[1] The subsections that apply in this action are located in the note following OCGA § 48-5-311 in the 1994 Supplement.

shall certify to the clerk of the superior court the notice of appeal and any other papers specified by the person appealing." Id. The use of the word "shall" divests the board of tax assessors of any discretion.

The trial court properly ordered the board of tax assessors to certify the taxpayers' appeals to the superior court. The equalization board made a decision on each administrative appeal when it refused to adjust the assessed value as the taxpayer had requested in writing. Dissatisfied with that decision, each taxpayer sought to appeal to the superior court for de novo action. Because the board of tax assessors refused to certify the taxpayers' notice of appeal and other papers as required by law, the trial court properly granted the writ of mandamus requiring the board to perform its legal duty.

*Judgment affirmed. All the Justices concur.*

CARLEY, Justice, concurring.

I fully concur in the majority opinion in this case. I write separately because of the recent decisions dealing with when the discretionary application procedure must be followed in seeking appellate review of superior court orders entered in connection with the review of decisions of administrative agencies. See *Rebich v. Miles*, 264 Ga. 467 (448 SE2d 192) (1994); *Alexander v. DeKalb County*, 264 Ga. 362 (444 SE2d 743) (1994). In this case, a direct appeal was proper because the provisions of OCGA § 5-6-35 (a) (1) do not apply "to cases involving ad valorem taxes. . . ." Compare *Rebich v. Miles*, supra.

I would further note that while tax assessment appeals are generally directed to the Court of Appeals, this case is properly within the jurisdiction of this Court because the appeal is from an order granting mandamus. Ga. Const. 1983, Art. VI, Sec. VI, Par. III (5).

DECIDED JANUARY 17, 1995.

*Thomas A. Cox, Jr.*, for appellant.
*Brenskelle & Perry, David P. Brenskelle, Brock E. Perry*, for appellees.