## S99A1487, S99X1488. FULTON COUNTY BOARD OF TAX ASSESSORS v. BOYAJIAN; and vice versa.
### (525 SE2d 687)

FLETCHER, Presiding Justice.

Taxpayer Alfred M. Boyajian applied for a bona fide conservation use of his real property. The Fulton County Board of Equalization found that his property did not qualify for conservation use and denied his application. The taxpayer appealed, but the Fulton County Board of Tax Assessors concluded that the appeal was untimely and refused to certify it to the superior court. The taxpayer filed a mandamus action to compel the board to certify his appeal, which the trial court granted. Because the state statute does not give the board discretion in certifying appeals to the superior courts, we affirm.

1. OCGA § 48-5-311 (g) provides the procedure for appealing adverse decisions of the board of equalization or arbitrator. The taxpayer must file a written notice of appeal with the county board of tax assessors, the notice must state the grounds for appeal, and it must be filed within 30 days of the adverse decision, although the code section does not explain how to calculate the 30 days. The statute further states that the county board of tax assessors "shall certify" the notice of appeal and any other specified papers to the superior court clerk. We have interpreted this statutory language as divesting the board of any discretion in the certification process.[1]

Because whether an appeal is procedurally defective is a judicial decision, not a clerical determination, we conclude that the trial court correctly ruled that the board should have certified the taxpayer's appeal to the superior court. If we were to adopt the board's position that the statute does not give it authority to certify untimely appeals, then the board would act in the dual role of party and judge. This inherent conflict would be unfair to other parties in the dispute and would deprive taxpayers of the right to appeal when, as here, the board concluded that the notice of appeal was defective.

2. In his cross appeal, Boyajian asserts that he is entitled to attorney's fees under OCGA § 9-15-14 because the board's position was substantially groundless. Subsection (a) provides for attorney's fees when a party asserts a position for which there is "a complete absence of any justiciable issue of law or fact"; subsection (b) provides for an award when a party's position lacks substantial justification. As a practical matter, it is difficult to distinguish between these two standards for awarding attorney's fees.

We conclude that the trial court did not err or abuse its discre-

---

[1] See *Fulton County Board of Tax Assessors v. Jones*, 264 Ga. 828, 829 (452 SE2d 99) (1995).

tion in denying the taxpayer's request for attorney's fees.[2] The board asserted a justiciable issue of law concerning whether it was required to certify appeals that it considered untimely, and there is no evidence that the board lacked substantial justification in asserting its interpretation of the statute. Therefore, we also affirm in the taxpayer's cross appeal.

*Judgments affirmed. All the Justices concur.*

DECIDED JANUARY 18, 2000.

*Overtis H. Brantley, Vernitia A. Shannon,* for appellant.
*W. Wheeler Bryan, Scott M. Dixon, Marie B. Hannon,* for appellee.

---

[2] See *Haggard v. Board of Regents,* 257 Ga. 524 (360 SE2d 566) (1987).