## A08A0412. FOX v. CITY OF CUMMING.
(658 SE2d 408)

BLACKBURN, Presiding Judge.

Following the dismissal of her action against the City of Cumming, Deborah Fox appeals, contending that the trial court erred in ruling that there was no justiciable controversy under OCGA § 22-1-11 (The Landowner's Bill of Rights and Private Property Protection Act). Because the City has not initiated a condemnation proceeding against Fox, and because the issue presented on appeal arises only from the relief sought by Fox under OCGA § 22-1-11, which only applies when a condemnation proceeding has been filed, we affirm.

"On appeal, we conduct a de novo review of a trial court's ruling on a motion to dismiss." *Hendry v. Wells.*[1] The record shows that in June 2007, Fox received a letter from the City providing notice to her that the City would be entering her property to conduct a survey for the purpose of designing sewer facilities located in part on her property. The letter stated that, incidental to the City's power of eminent domain, the City had the right to enter Fox's property for the purpose of performing the survey. Despite Fox's resistance in correspondence and in meetings with the City, the City informed her that it would undertake the survey over her objection. Fox then filed an action seeking (i) a temporary injunction to prevent the survey and (ii) a determination, under OCGA § 22-1-11, as to whether the City's sewer plan was a lawful exercise of the power of eminent domain for a public use. The City moved to dismiss, and before final resolution, the trial court entered a consent order allowing the survey to take place. Following a subsequent hearing, the trial court dismissed Fox's action without prejudice, ruling that Fox lacked standing to proceed under OCGA § 22-1-11, because the City had not commenced a condemnation action. Fox now appeals.

Fox contends that the trial court erred in ruling that she was not authorized to seek a public use determination under OCGA § 22-1-11 prior to the commencement of a condemnation proceeding by the City. We disagree.

OCGA § 22-1-11 provides as follows:

> Before the vesting of title in the condemnor and upon motion of the condemnee, or within ten days of the entry of the special master's award by entry of exception to the case, the court shall determine whether the exercise of the power of eminent domain is for a public use and whether the condemning authority has the legal authority to exercise the

---

[1] *Hendry v. Wells*, 286 Ga. App. 774, 781 (2) (650 SE2d 338) (2007).

power of eminent domain and may stay other proceedings of the condemnation pending the decision of the court. The condemning authority shall bear the burden of proof by the evidence presented that the condemnation is for a public use as defined in Code Section 22-1-1. Nothing in this Code section shall be construed to require the condemnee to seek or obtain a special master's award prior to a hearing or decision by the court under this Code section.

Based on a reading of the plain language of this Code section, *Sawnee Elec. Membership Corp. v. Ga. Public Svc. Comm.*,[2] it becomes evident that this Code section applies to proceedings that are already pending. To seek a determination, the condemnee must file a "motion," and the court is entitled to stay the condemnation proceedings pending its decision. The use of the term "motion" implies that some judicial proceeding has already been initiated. See, e.g., OCGA §§ 9-11-3 (a) (action initiated by the filing of a complaint); 9-11-7 (b) (1) ("[a]n application to the court for an order shall be by motion"). Also, if we construed this section to be applicable before the initiation of a condemnation action, we would render meaningless the phrase "[b]efore the vesting of title in the condemnor," because such clarification would be redundant. See *State of Ga. v. C. S. B.*[3] ("[w]here possible, we construe language used by the General Assembly in a manner that will not render it meaningless or mere surplusage"). Thus, the interpretation that best harmonizes all of the provisions of this section is that it applies to *pending* condemnation proceedings.

Supporting this interpretation is the fact that when the General Assembly enacted this Code section, the legislation stated that

this Act . . . shall only apply to *petitions for condemnation filed* on or after [a certain] date. . . . [Code Section 22-1-11] shall apply to those *condemnation proceedings filed* on or after February 9, 2006, where title has not vested in the condemning authority unless constitutionally prohibited.

(Emphasis supplied.) Ga. L. 2006, pp. 39, 56, § 25. Thus, the legislation, by its own terms, only applies to "petitions for condemnation" and "condemnation proceedings" that have been filed. Here, it is undisputed that the City has not filed any condemnation petition or proceeding involving Fox's property. Therefore, whatever the City's

---

[2] *Sawnee Elec. Membership Corp. v. Ga. Public Svc. Comm.*, 273 Ga. 702, 705 (544 SE2d 158) (2001).

[3] *State of Ga. v. C. S. B.*, 250 Ga. 261, 263 (297 SE2d 260) (1982).

intentions may or may not be with respect to Fox's property, the City has not taken action reviewable under OCGA § 22-1-11.

Furthermore, as the City has not initiated a legal condemnation action against Fox, the City's mere inchoate intention to do so, if at all, does not give rise to a justiciable controversy. "The existence of an actual controversy is fundamental to a decision on the merits by this court. A controversy is justiciable when it is definite and concrete, rather than being hypothetical, abstract, academic, or moot." (Citation and punctuation omitted.) *Cheeks v. Miller*.[4] Accordingly, because the City has not initiated a condemnation proceeding against Fox, the trial court did not err in dismissing the action she brought under OCGA § 22-1-11.

In so holding, we emphasize that we merely address the issue presented before us, i.e., the application of OCGA § 22-1-11 to the present facts. We do not address the viability of other remedies Fox might have available against actions taken by the City in the context of a condemnation.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED FEBRUARY 28, 2008 

*McFarland & McFarland, Robert P. McFarland*, for appellant.
*Miles & Tallant, Dana B. Miles, Kevin J. Tallant*, for appellee.

---

[4] *Cheeks v. Miller*, 262 Ga. 687, 688 (425 SE2d 278) (1993).
[1] OCGA § 16-6-22.1 (b), (d).