A09A0532. FOX v. CITY OF CUMMING.
(679 SE2d 365)

MIKELL, Judge.

This is the second appearance of this case before this Court. In *Fox v. City of Cumming* ("*Fox I*")[1] we held that the newly-enacted Landowner's Bill of Rights and Private Property Protection Act, OCGA § 22-1-11, applied to pending condemnation proceedings only. Thus, because the City of Cumming had not instituted condemnation proceedings when Deborah Fox filed suit under the statute to challenge the City's assertion of its power of eminent domain to survey her property, we affirmed the trial court's dismissal of Fox's action against the City.[2] After receiving the remittitur, the City filed a motion for attorney fees under OCGA § 9-15-14. The trial court granted the motion, and we granted Fox's application for discretionary appeal to review the award.

As reported in *Fox I*, Fox received a letter from the City in June 2007 notifying her that the City would be entering her property to conduct a survey for the purpose of designing sewer facilities located in part there. The City stated that its power of eminent domain gave it the right to enter Fox's property for the purpose of performing the survey. Fox objected in correspondence and in meetings with the City, but the City informed her that it would undertake the survey over her objection. Fox then filed an action seeking an injunction to block the survey and a determination, under OCGA § 22-1-11, as to whether the City's sewer plan was a lawful exercise of the power of eminent domain for a public use. The City moved to dismiss, and before the hearing on the motion, the trial court entered a consent order allowing the survey to take place. After the hearing, the trial court took the matter under advisement and dismissed the action.[3]

In affirming, we noted that OCGA § 22-1-11's enacting legislation provides that the statute "shall apply to those *condemnation proceedings filed* on or after February 9, 2006."[4] Thus, we construed the statute to mean that no claim may be filed thereunder unless a condemnation action has been filed. Accordingly, because the City had not filed a condemnation action, we held that there was no justiciable controversy.[5]

Thereafter, the City filed a motion for attorney fees under OCGA § 9-15-14 (a) and (b), submitting an affidavit stating that it had incurred $9,349.17 in reasonable fees and expenses in defending

[1] 289 Ga. App. 803 (658 SE2d 408) (2008).
[2] Id. at 805.
[3] Id. at 803.
[4] (Emphasis in original.) Id. at 804, citing Ga. L. 2006, pp. 39, 56, § 25.
[5] Id. at 805.

Fox's complaint. Fox filed a response but did not request a hearing. The trial court concluded that an award was justified under both OCGA § 9-15-14 (a) and (b) and awarded the City $5,076.17. We reverse.

An award of attorney fees is mandatory under OCGA § 9-15-14 (a) when a party "has asserted a claim . . . with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim." OCGA § 9-15-14 (b) permits, but does not require, the trial court to award attorney fees if it finds that "an attorney or party brought or defended an action . . . that lacked substantial justification or that the action . . . was interposed for delay or harassment, or . . . that an attorney or party unnecessarily expanded the proceeding by other improper conduct."[6] The Code defines "lacked substantial justification" as "substantially frivolous, substantially groundless, or substantially vexatious."[7] Our Supreme Court has commented that, "[a]s a practical matter, it is difficult to distinguish between these two standards for awarding attorney's fees."[8]

In the case at bar, the trial court found that the City was entitled to an award of fees under OCGA § 9-15-14 (a) because Fox offered no support for her contention that she had a vested right to file an action under OCGA § 22-1-11. The court ruled that a fee award was proper under OCGA § 9-15-14 (b) because the court "[could] not contemplate how an action against the City was proper and not otherwise harassing and frivolous at this procedural juncture." We affirm an award under subsection (a) if there is any evidence to support it, while we review subsection (b) awards for abuse of discretion.[9] Here, we conclude that the award of fees cannot be sustained under either standard.

OCGA § 22-1-11 provides in pertinent part:

> Before the vesting of title in the condemnor and upon motion of the condemnee, . . . the court shall determine whether the exercise of the power of eminent domain is for a public use and whether the condemning authority has the legal authority to exercise the power of eminent domain.

---

[6] See *Dept. of Transp. v. Woods*, 269 Ga. 53, 55-56 (2) (494 SE2d 507) (1998) (award improper under subsection (a) and subsection (b)).

[7] OCGA § 9-15-14 (b).

[8] *Fulton County Bd. of Tax Assessors v. Boyajian*, 271 Ga. 881 (2) (525 SE2d 687) (2000).

[9] *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 527 (4) (c) (360 SE2d 566) (1987); accord *Bankhead v. Moss*, 210 Ga. App. 508, 509 (1) (436 SE2d 723) (1993).

Fox asserts that she interpreted the phrase "before the vesting of title in the condemnor" to mean before the City filed a declaration of taking, so that she believed she had a valid claim for relief under the statute when the City asserted its power of eminent domain to enter her property. The statute had not been interpreted by any court prior to *Fox I*.

Our Supreme Court has reversed awards of attorney fees under OCGA § 9-15-14 where a party relied on a statute that had not been interpreted by any court and the language of the statute arguably supported the appellants' contention.[10] The precedents are controlling in this case. Fox's claim, based on her interpretation of the statute, was not so devoid of a justiciable issue "that it could not be reasonably believed that a court would accept" it.[11] Similarly, we conclude that the trial court abused its discretion in holding that Fox's interpretation of the statute "lacked substantial justification."[12] Therefore, the trial court's award of fees under OCGA § 9-15-14 (a) and (b) cannot be sustained.

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

DECIDED APRIL 23, 2009 —
RECONSIDERATION DENIED MAY 29, 2009.

*Robert P. McFarland*, for appellant.
*Miles & Tallant, Dana B. Miles, Kevin J. Tallant*, for appellee.

---

[10] *Campbell v. Dept. of Corrections*, 268 Ga. 408, 411-412 (2) (490 SE2d 99) (1997); *Ellis v. Johnson*, 263 Ga. 514, 516-517 (2) (435 SE2d 923) (1993) (decided under OCGA § 9-15-14 (a)).

[11] OCGA § 9-15-14 (a). See *Ellis*, supra.

[12] OCGA § 9-15-14 (b). See *DeKalb County v. Adams*, 263 Ga. App. 201, 203-204 (587 SE2d 302) (2003) (whole court) (where there was no controlling authority directly on point and appellant cited authority that arguably supported its position, appellant's argument was not substantially frivolous, substantially groundless, or substantially vexatious).