**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 18, 2013**

# In the Court of Appeals of Georgia

A13A0377. MICHELMAN et al. v. FAIRINGTON PARK
    CONDOMINIUM ASSOCIATION, INC.

BOGGS, Judge.

In this discretionary appeal, Aaron Michelman and Monge and Associates, PC
(collectively "plaintiff's counsel") appeal from the trial court's award of attorney fees
against them under OCGA § 9-15-14 (a) and (b). Plaintiff's counsel contends that the
trial court erred by awarding fees under OCGA § 9-15-14. For the reasons explained
below, we agree and reverse.

Subsection (a) of OCGA § 9-15-14 "provides for attorney[] fees when a party
asserts a position for which there is a complete absence of any justiciable issue of law
or fact; subsection (b) provides for an award when a party's position lacks substantial
justification." (Punctuation omitted.) *Fulton County Bd. of Tax Assessors v. Boyajian*,

271 Ga. 881 (2) (525 SE2d 687) (2000). And the Supreme Court of Georgia has recognized that "[a]s a practical matter, it is difficult to distinguish between these two standards for awarding attorney[] fees." Id. We must "affirm an award under subsection (a) if there is any evidence to support it, while we review subsection (b) awards for abuse of discretion." (Citations and footnote omitted.) *Fox v. City of Cumming*, 298 Ga. App. 134, 135 (679 SE2d 365) (2009). With regard to the "any evidence" standard of review for subsection (a), if "evidence relevant to the question of attorney fees consists of the state of the law, we make our own assessment of that evidence and decide for ourselves whether the claim asserted below presented a justiciable issue of law." (Citations and punctuation omitted.) *Renton v. Watson*, 319 Ga. App. 896, 904 (4) (739 SE2d 19) (2013). Finally, "we must keep in mind that OCGA § 9-15-14 (a) is intended to discourage the bringing of frivolous claims, not the presentation of questions of first impression about which reasonable minds might disagree or the assertion of novel legal theories that find arguable, albeit limited, support in the existing case law and statutes." (Citations and punctuation omitted.) Id. at 905 (4).

In this case, the trial court granted attorney fees under subsection (a) and (b) based upon its conclusion that this court's opinion in *Gomez v. Julian LeCraw & Co.*,

269 Ga. App. 576 (604 SE2d 532) (2004), "is indistinguishable from the case at bar." In *Gomez*, the injured plaintiff and her husband were living in an apartment with her cousin. Id. The cousin's lease with the property owner provided that "the apartment shall be occupied only by the persons named in the resident's rental application. Substitution or addition of any residents will be allowed only with prior written consent of management." (Punctuation omitted.) Id. Although the plaintiff was living in the apartment with her cousin, her name did not appear on the lease and there was no evidence the owner or the management company was aware of or consented to her living in the apartment. Id. We held that the plaintiff was a trespasser, based upon a special contract in which the property owner precluded a person such as the plaintiff from living on the property without prior consent. Id. at 578 (1) (a). We noted that in the absence of such a special contract, "the landlord has no right to forbid a person to go upon the premises in the possession of a tenant, by the latter's permission and for a lawful purpose." (Citation, punctuation and footnote omitted.) Id.

In this case, the plaintiff was injured in a common area while visiting his sister, a tenant of the owner of a unit in Fairington Park condominiums. According to the affidavit of the President of the Fairington Park Condominium Association ("the Condo Association"), "the Association does not own any common areas." Instead,

3

they are owned by the unit owners as tenants-in-common. Pursuant to the Fairington Park Condominium Declaration, the Condo Association is responsible for maintaining and keeping in good repair the common areas of the condominium complex. The Condominium Declaration also provides that all unit owners, who are members of the Condo Association by virtue of their unit ownership, are obligated to abide by the terms and provisions of the Condominium Declaration. One of these provisions required unit owners to obtain permission from the Condominium Board before leasing a unit. It is undisputed that the unit owner did not obtain permission to lease the unit occupied by the plaintiff's sister.

Based upon these facts, we conclude that our decision in *Gomez*, supra, is arguably distinguishable on the ground that the tenant here rented the unit from the property owner and there was no special agreement between the unit owner and the tenant precluding a visitor such as the plaintiff. While the unit owner may have had a separate agreement with the Condo Association to obtain approval for all leases, the Condo Association did not own the property, and there was no special agreement between the Condo Association and the tenant.

*Gomez* can also be distinguished on the ground that the plaintiff was a visitor, not an unapproved tenant. The general rule stated in *Gomez* is that a "landlord has no

4

right to forbid a person to go upon the premises in the possession of a tenant, by the latter's permission and for a lawful purpose." (Citation, punctuation and footnote omitted.) Id. at 577 (1). *Gomez* distinguished the general rule because "Gomez was not merely visiting her cousin's apartment. . . . She lived there and . . . considered herself to be a tenant." Id. at 577 (1) (a). When she fell, "she was on the premises as a resident, be it improperly, not as a guest." Id. at 578 (1) (a).

Based upon these grounds distinguishing our opinion in *Gomez*, the trial court erred by awarding attorney fees against plaintiff's counsel for failing to dismiss the plaintiff's complaint[1] or seek withdrawal immediately after the Condo Association filed a motion for summary judgment relying upon our decision in *Gomez*, supra. See *Renton*, supra, 319 Ga. App. at 905-906 (reversing trial court's award of attorney fees under OCGA § 9-15-14 (a)); *Fox*, supra, 298 Ga. App. at 136 (same under (a) and (b)).

*Judgment reversed. Doyle, P. J., and McFadden, J., concur.*

---

[1] Plaintiff's counsel subsequently dismissed the case without prejudice following a hearing on the motion for summary judgment but before the trial court ruled. While we reverse the trial court's award of attorney fees under OCGA § 9-15-14, nothing in this opinion should be construed as a ruling on the merits of the plaintiff's claim. We decide only that the trial court's award of attorney fees under OCGA § 9-15-14 cannot be sustained.