**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 10, 2024**

# In the Court of Appeals of Georgia

A23A1569. MODI v. INDIA-AMERICAN CULTURAL ASSOCIATION.

BROWN, Judge.

Girish Modi appeals pro se from the trial court's award of $65,000 in attorney fees and costs to India-American Cultural Association ("IACA") pursuant to OCGA § 9-15-14. In Modi's prior appeal, we affirmed the trial court's dismissal of Modi's complaint and grant of summary judgment to IACA. *Modi v. India-American Cultural Assn.*, 367 Ga. App. 572 (886 SE2d 378) (2023) ("*Modi II*"). However, due to Modi's filing of a bankruptcy petition and the automatic stay triggered thereby, we remanded the portion of the appeal involving the attorney fees award, so the trial court could enter a stay pending the resolution of Modi's bankruptcy proceedings. Id. at 573-574 (1). As we explained, "to the extent a bankruptcy stay applies, this Court will remand

the appeal to the trial court until the stay of proceedings is lifted, at which time the appellant may re-institute the appeal by filing a new notice of appeal in the trial court within 30 days of the date of the entry of the order in the bankruptcy court lifting the stay." Id. at 573 (1). The bankruptcy court granted Modi's request to voluntarily dismiss his petition on April 18, 2023, and Modi timely filed a new notice of appeal from the attorney fees award. For the reasons explained below, we affirm in part, vacate in part, and remand the case with direction.

In another prior, related appeal, *Modi v. India-American Cultural Association*, 362 Ga. App. XXVIII (December 7, 2021) (unpublished) ("*Modi I*"), this Court included the following background:

> IACA is a non-profit community organization based in Cobb County intended to promote Indian culture. Modi is a member of IACA in good standing. As relevant here, Modi[, proceeding pro se] filed suit seeking declaratory and injunctive relief against IACA based on alleged violations of the organization's bylaws and IRS rules, as well as violations of Modi's, and other similarly situated individuals', First Amendment rights of free speech and association. The crux of Modi's complaint was that he 'wanted IACA to stick to its original mission of promoting Indian culture only and stop mixing religion with culture because it's like mixing oil with water.' He further alleged that IACA had recently modified its bylaws, without the approval of a majority of its members,

mandating that candidates for the board attest that they file income tax in Georgia "thus preventing a free and fair election process." Modi sought class certification of the action.

Modi filed a motion seeking an interlocutory injunction enjoining IACA from conducting its business without proper amendments to its bylaws pending the outcome of his suit. Following a hearing on April 28, 2021, the trial court entered an order on May 5, 2021, denying Modi's request for an interlocutory injunction.

(Punctuation and footnote omitted.) Slip op. at 2-3. Modi appealed this order, and we affirmed. Id. at 1. We concluded, inter alia, that Modi's claims were derivative in nature, and "[b]ecause Modi failed to make a proper demand necessary to bring such a derivative claim, the trial court did not err in finding that he lacked standing to pursue the action." Id. at 11 (2) (c).

In March 2022, the trial court held a hearing on IACA's motion to dismiss Modi's third amended complaint.[1] At the end of the hearing, the trial court orally granted IACA's motion and asked IACA's counsel to draft a proposed order.[2]

---

[1] In *Modi I*, we noted that "[s]ubsequent to the trial court's denial of Modi's motion for an interlocutory injunction, IACA moved to dismiss his complaint. A ruling on this motion does not appear in the record." Slip op. at 3, n.1. On remittitur, IACA filed an amended motion to dismiss.

[2] The appellate record does not include a transcript of this hearing.

3

According to the trial court, before it could enter a written order, Modi filed his fourth amended complaint and then "proceeded to submit at least eight (8) filings over the course of the next two weeks." In his fourth amended complaint, Modi alleged many of the same issues related to the ways IACA conducts its business, and brought a

> derivative suit seek[ing] declaratory and injunctive relief against IACA for alleged violations of its current bylaws and breach of fiduciary duties by . . . Managers . . . towards its members and Corporation's failure to provide internal accountability mechanisms that resulted in deprivation of members' natural, inherent, contractual and universal rights of pursuit of happiness in IACA organized events participation.

(Punctuation and footnote omitted.)

On May 9, 2022, the trial court entered an order granting IACA's motion to stay and enter a bill of peace. IACA then filed a motion to dismiss, for summary judgment, and for attorney fees under OCGA § 9-15-14. Following a hearing in July 2022, the trial court entered an 18-page order dismissing Modi's complaint for failure to state a claim, granting summary judgment to IACA, and awarding attorney fees to IACA in the amount of $65,000. In *Modi II*, we affirmed the dismissal of Modi's complaint because "the appellate record does not contain the fourth amended complaint or the evidence the trial court relied upon in granting summary judgment

to IACA, which included multiple affidavits," and "[i]n the absence of [these], Modi cannot show that the trial court erred in dismissing the complaint or in granting summary judgment." (Footnotes omitted.) 367 Ga. App. at 575 (3).

In this appeal from the attorney fees award following the dismissal of Modi's petition in bankruptcy, Modi again fails to designate much of the record below for inclusion in the appellate record. Most importantly, the appellate record does not include a transcript of the July 2022 hearing on the motion for attorney fees. Accordingly, our ability to review Modi's enumerations is limited.[3]

1. Modi again contends that dismissal of his lawsuit was improper, but the only thing before us in the current appeal is the award of attorney fees to IACA. As stated, this Court affirmed the dismissal, and it is the law of the case. See OCGA § 9-11-60 (h) ("any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be"). See also *Hall v. Hill*, 366 Ga. App. 285, 291 (1) (b) (882 SE2d 34) (2022) ("Under the law of the case

---

[3] After filing an initial brief as well as a reply brief, Modi filed a motion to file a supplemental brief. That motion is denied.

5

doctrine, any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court.") (citation and punctuation omitted).

2. Modi asserts that the trial court "ignored" and improperly denied his motion to recuse, asking this Court to sanction the trial judge. The record contains "Plaintiff's Motion for Appointment of New Judge for 2nd November 2022 Hearing," which was filed on October 10, 2022. In a November 14, 2022 order, the trial court denied the motion "on the merits" and because it was not served on IACA. Thus, the motion and ensuing order were filed after the trial court's order dismissing Modi's suit and awarding attorney fees and after Modi filed his notice of appeal from that order. As such, Modi could not enumerate this subsequent ruling as error in *Modi I*. See *Hester v. Human*, 211 Ga. App. 351, 352 (1) (439 SE2d 50) (1993). Compare *Murphy v. Murphy*, 328 Ga. App. 767, 769 (1) (b) (759 SE2d 909) (2014) (in direct appeal from final judgment a party may enumerate as error prior or contemporaneous rulings entered prior to notice of appeal). Our partial remand of the case in *Modi I* — and Modi's subsequently filed notice of appeal in the current appeal — does not confer jurisdiction over the order denying his motion to recuse. We remanded only that "portion of the appeal involving [the trial court's award] of attorney fees" with

direction that Modi could "re-institute his appeal of the attorney fees award." *Modi I*, 367 Ga. App. at 573-574 (1). Accordingly, the enumeration of error which complains of the recusal order may not be considered.

3. As to the award of attorney fees, Modi contends that (a) the award was not authorized because IACA failed to file a separate motion seeking fees and costs; (b) the trial court was divested of jurisdiction to enter the attorney fee award because he voluntarily dismissed his complaint; (c) the award is "fraudulent" because IACA's insurance was covering the expenses of the lawsuit; (d) the trial court's order fails to specify whether the award was made under subsection (a) or (b) of OCGA § 9-15-14; and (e) the trial court failed to support its award with specific findings of fact and awarded an impermissible lump.

*The Trial Court's Award of Attorney Fees*

In its detailed, 18-page order, the trial court found that

> throughout his dozens of filings, Plaintiff has repeatedly set forth arguments, allegations, and claims he could not have possibly believed would be accepted by this Court and/or that were substantially frivolous, substantially groundless or substantially vexatious. Further, a substantial portion of these filings could have only been submitted to delay the

7

proceedings and/or to harass. Examples of Plaintiff's sanctionable conduct include, but are not limited to, the following.

(Punctuation omitted.) Over the next three pages of its order, the trial court describes instances of sanctionable conduct including, inter alia, (1) Modi's argument/claim that IACA could not assert failure to state a claim as an affirmative defense because "'failure to state a claim is a negative defense, which cannot be included with affirmative defenses in an Answer'"; (2) Modi's repeated attempts to bring a freedom of religion claim under the First Amendment of the United States Constitution despite being "repeatedly placed on notice that the Freedom Exercise clauses of the . . . Constitution constrain *governments*, not private actors such as [IACA]"; (3) Modi's repeated failure to take steps to establish standing despite repeatedly being placed on notice that his various amended complaints/claims presented standing issues; and (4) Modi's attempt to bring his claims in a derivative capacity in his Fourth Amended Complaint despite being placed on notice that he failed to meet the requirements of OCGA § 14-3-742. The trial court also found that Modi's decision to file his Fourth Amended Complaint after the court had orally ruled during the hearing that it was dismissing all of his claims was for the purpose of delay and

harassment and needlessly expanded this proceeding. In sum, the trial court found "that these and other instances of Plaintiff's sanctionable [conduct] since May 5, 2021 have needlessly expanded and prolonged this proceeding and warrant an award of attorney[ fees] pursuant to subsections (a) and/or (b) of OCGA § 9-15-14." According to the order, the $65,000 award in fees and costs "represents the majority of the fees requested by Defendant incurred in defending this action since May 5, 2022 at the trial level." In a footnote, the court clarified that this "amount does not include any costs incurred prior to the Court's May 5, 2022 Order[.]"[4] In making the award, the trial court's order states that it considered the record, including the parties' filings and an affidavit and fee invoices from IACA's counsel, as well as the arguments presented during the July 19, 2022 hearing in awarding the attorney fees.

(a) Modi asserts that the attorney fees award was not authorized because IACA failed to file a separate motion seeking fees and costs.

> Because a request for attorney fees under OCGA § 9-15-14 must be brought in the form of a motion, a trial court may not entertain an OCGA § 9-15-14 request asserted only in the form of a counterclaim. . . . Under

---

[4] It seems that the trial court meant to refer to its May 5, 2021 order denying Modi's request for an emergency injunction which he appealed to this Court in *Modi I*. Nonetheless, on remand, the trial court should clarify.

certain circumstances, motions may be made orally, OCGA § 9-11-7 (b), and the trial court may move on its own to impose sanctions under OCGA § 9-15-14(b).

(Citations and punctuation omitted.) *Glass v. Glover*, 241 Ga. App. 838, 839 (528 SE2d 262) (2000). This argument is entirely without merit because IACA clearly sought attorney fees in its "Motion to Dismiss, for Summary Judgment and For Attorneys' Fees."

(b) Modi contends that because he had voluntarily dismissed his complaint, the trial court was divested of jurisdiction to enter the attorney fees award. The record includes a document titled "Plaintiff's Volunatrily [sic] Dismissal of His Lawsuit Against IACA," filed June 2, 2022, but this purported dismissal was filed after the trial court had orally granted IACA's motion to dismiss during the March 2022 hearing. Moreover, "[w]hile the dismissal of a lawsuit generally deprives the trial court of jurisdiction to take further action in the case, that rule does not apply to OCGA § 9-15-14 motions." *Harris v. Werner*, 278 Ga. App. 166, 167 (628 SE2d 230) (2006) (holding that trial court had jurisdiction to rule on defendant's timely filed motion for attorney fees under OCGA § 9-15-14 even after plaintiff voluntarily dismissed suit).

(c) Modi next asserts that the attorney fees award is "fraudulent" because IACA's insurance was covering the expenses of the lawsuit. As our Supreme Court has explained,

> [a]ttorney fees and litigation expenses under OCGA § 9-15-14 are limited to those "amounts which are reasonable and necessary for defending or asserting the rights of a party." OCGA § 9-15-14 (d). OCGA § 9-15-14 says nothing, however, about whether the fees and expenses must be principally borne by the party itself. And it is well established that, where a party asserts a frivolous claim or defense as described in OCGA § 9-15-14 (a) or brings or defends an action without substantial justification or for purposes of delay or harassment as described in OCGA § 9-15-14 (b), the trial court may make an award of attorney fees and expenses after it determines (usually following a hearing) the amount of attorney fees and expenses that were "reasonable and necessary." That the reasonable and necessary fees and expenses might otherwise be borne by the party's insurer, a friend or relative, or some other non-party does not preclude an award of those fees and expenses under OCGA § 9-15-14. This is consistent with the purpose of the statute, which — in addition to recompensing litigants — is to punish and deter litigation abuses.

(Citations and punctuation omitted.) *Long v. City of Helen*, 301 Ga. 120, 121 (799 SE2d 741) (2017). Accordingly, it is irrelevant that IACA's litigation expenses may have been borne by its insurer.

(d) Modi asserts that the trial court's order fails to specify whether the award was made under subsection (a) or (b) of OCGA § 9-15-14. "If the court awards attorney fees under OCGA § 9-15-14, it must make express findings specifying the abusive conduct for which the award is made, and whether the award is made under subsection (a) or (b) *or both*." (Citation and punctuation omitted; emphasis supplied.) *Adams v. Pinetree Trail Enterprises*, 347 Ga. App. 697, 699 (1) (820 SE2d 735) (2018). See *Shooter Alley v. City of Doraville*, 341 Ga. App. 626, 630 (1) (c) (800 SE2d 588) (2017) (affirming attorney fees award under both OCGA § 9-15-14 (a) and (b)).

Here, the trial court awarded attorney fees to IACA "pursuant to subsections (a) and/or (b) of OCGA § 9-15-14." While the trial court's use of "and/or" fails to specify whether the award was made under subsection (a) or (b) or both, see *Bank Bldg. & Equipment Corp. of America v. Ga. State Bank*, 132 Ga. App. 762, 764 (1) (209 SE2d 82) (1974) ("the expression 'and/or' is equivocal and is neither positively conjunctive nor positively disjunctive") (citation and punctuation omitted); Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 125 (1st ed. 2012) ("The literal sense of *and/or* is both or either, so that *A and/or B* means (1) A, (2) B, or (3) both A and B.") (punctuation and footnote omitted; emphasis in

12

original), based on the entirety of the order, we conclude that the trial court clearly based its award on both subsection (a) and (b) of OCGA § 9-15-14. See, e.g., *Kim v. Han*, 339 Ga. App. 886, 889 (2) (795 SE2d 191) (2016).

(e) Modi contends that the trial court failed to support its award with specific findings of fact and made "arbitrary, vague[,] and conclusory statements" that would not authorize the award, and that the trial court awarded an impermissible lump sum.

On appeal, this Court will affirm an award under subsection (a) of OCGA § 9-15-14 if there is any evidence to support it, while we review subsection (b) awards for abuse of discretion. *Fox v. City of Cumming*, 298 Ga. App. 134, 135 (679 SE2d 365) (2009). We "review the trial court's legal holdings de novo, and we uphold the trial court's factual findings as long as they are not clearly erroneous, which means there is some evidence in the record to support them." (Citation and punctuation omitted.) *Cohen v. Rogers*, 341 Ga. App. 146, 148 (2) (798 SE2d 701) (2017).

> An award of attorney fees is mandatory under OCGA § 9-15-14 (a) when a party has asserted a claim . . . with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim. OCGA § 9-15-14 (b) permits, but does not require, the trial court to award attorney fees if it finds that an attorney or party brought or

13

defended an action . . . that lacked substantial justification or that the action . . . was interposed for delay or harassment, or . . . that an attorney or party unnecessarily expanded the proceeding by other improper conduct. The Code defines "lacked substantial justification" as "substantially frivolous, substantially groundless, or substantially vexatious." Our Supreme Court has commented that, as a practical matter, it is difficult to distinguish between these two standards for awarding attorney's fees.

(Citations and punctuation omitted.) *Fox*, 298 Ga. App. at 135. "As we have held in cases involving OCGA § 9-15-14 (a) or (b), the trial court must limit the fees award to those fees incurred because of the sanctionable conduct. Thus, 'lump sum' or unapportioned attorney fees awards are not permitted in Georgia." (Citations and punctuation omitted.) *Fedina v. Larichev*, 322 Ga. App. 76, 81 (5) (744 SE2d 72) (2013). In addition,

[t]o permit meaningful appellate review of an award of fees and expenses, the trial court's order cannot be too vague and conclusory, such as where it fails to cite examples of conduct that authorize the award. The trial court need not cite specific testimony, argument of counsel, or any other specific factual reference in its order awarding fees under OCGA § 9-15-14; it is only required to specify the conduct upon which the award is made.

(Citation and punctuation omitted.) *Williams v. Williams*, 362 Ga. App. 839, 846 (4) (870 SE2d 462) (2022).

As discussed supra, the trial court's order included detailed examples of Modi's conduct authorizing the award under both subsection (a) and (b) of OCGA § 9-15-14. To the extent Modi disputes the trial court's specific findings, we cannot properly review his claims because we lack the majority of the record and more importantly, the transcript of the July 19, 2022 fee hearing. "It is well established that the burden is on the party alleging error to show it affirmatively by the record and where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm." (Citation and punctuation omitted.) *Moulton v. Wood*, 265 Ga. App. 389 (593 SE2d 911) (2004). In light of the record before us, we must assume that there was evidence to support the trial court's findings.[5] See *Ettrick v. SunTrust Mtg.*, 349 Ga. App. 703,

---

[5] For instance, the trial court found that Modi "has not complied with the requirements imposed by Georgia law on parties seeking to file a derivative suit against non-profit organization[s] such as IACA." Pertinently, OCGA § 14-3-742 provides:
> (a) No derivative proceeding may be commenced until:
>> (1) A written demand has been made upon the corporation to take suitable action; and
>> (2) Ninety days have expired from the date the demand was made

706 (2) (a) (824 SE2d 727) (2019) (where appellate record did not include a transcript of the fee hearing, Court of Appeals would presume that the evidence supported trial court's findings and that court did not abuse its discretion in issuing attorney fees award under OCGA § 9-12-14 (b)).

"Although we conclude that the record supports the trial court's judgment of liability for attorney fees, we agree that the trial court erred in granting an award without evidence linking the amount of the award to sanctionable conduct." *Reid v. Reid*, 348 Ga. App. 550, 553 (2) (823 SE2d 860) (2019). As this Court has previously

---

unless the complainant has earlier been notified that the demand has been rejected by the corporation or unless irreparable injury to the corporation would result by waiting for the expiration of the 90 day period.

(b) In the case of charitable corporations, the complainant shall deliver a copy of the demand to the Attorney General within ten days of making the demand on the corporation.

The trial court found that Modi "sent an email to the president of IACA asking that certain changes be made within the organization. Plaintiff's request was rejected on March 18, 2021." (Footnote omitted.) But the court goes on to find that there was no evidence Modi had delivered a copy of the demand to the Attorney General. However, while it seems undisputed that IACA is a non-profit organization, it is unclear whether IACA is a charitable corporation such that subsection (b) applies. In other words, we cannot tell whether the trial court misapplied the law or whether evidence was presented showing that IACA is a charitable corporation.

explained, "we will vacate and remand for further factfinding where the trial court's order, on its face, fails to show the complex decision making process necessarily involved in reaching a particular dollar figure and fails to articulate why the court awarded one amount of fees rather than another under OCGA § 9-15-14[.]" (Citation and punctuation omitted.) *Moore v. Hullander*, 345 Ga. App. 568, 573 (2) (c) (814 SE2d 423) (2018). While the trial court awarded an "amount represent[ing] the majority of the fees requested by [IACA] incurred in defending this action since May 5, [2021],"[6] the court's order only specifically finds that "Plaintiff's Second Amended Complaint," "Fourth Amendment Complaint," and "Second Motion to Strike" are instances of sanctionable conduct warranting an award of fees. The trial court's order

---

[6] IACA attached to its motion the affidavit of its counsel as well as billing statements and time sheets reflecting the attorney fees and costs incurred following the trial court's May 2021 order denying Modi's emergency injunction. Counsel averred that IACA sought approximately $62,679 in attorney fees and costs, including $57,488.50, which was reflected in invoices and consisted of 174.5 hours for lead counsel at an average rate of $265 per hour for a total of $46,242.50, 50.4 hours for associate counsel at an average rate of $200 per hour for a total of $10,080, and 10.6 hours for the paralegal at an average rate of $110 per hour for a total of $1,166. Additionally, the amount sought included "an estimated $5,191 which will be billed for work done between May 30, 2022 and the date [of the affidavit]," reflected in an attached time spreadsheet, but expressly did not include any fees/costs incurred prior to the court's May 5, 2021 order or any costs incurred in defending Modi's appeal of that order. Based on counsel's experience in the Atlanta area, counsel averred that the rates charged were reasonable.

refers to" these *and other instances* of Plaintiff's sanctionable [conduct] since May 5, 2021," (emphasis supplied), but these other instances of sanctionable conduct are unclear.[7] Indeed, the court's order also prefaces this by saying that "[e]xamples of Plaintiff's sanctionable conduct include, but are not limited to, the following." Accordingly, we cannot ascertain whether the trial court limited the fees award to those fees incurred because of the sanctionable conduct. See *Williams*, 362 Ga. App. at 848 (4) (a) (vacating attorney fees award where trial court failed to limit its award to the prohibited conduct; rather, "the trial court awarded the entire amount of fees incurred during the course of the litigation without showing the complex decision making process necessarily involved in reaching that particular dollar figure") (citation and punctuation omitted); *Fedina*, 322 Ga. App. at 81 (5) (trial court did not abuse its discretion by awarding fees under OCGA § 9-15-14 (b) based on the evidence, but court's order awarding lump sum of $12,000 failed to indicate how the court apportioned its award to fees generated based on the plaintiff's sanctionable

---

[7] For instance, the award includes IACA's fees incurred in responding to Modi's third amended complaint, but the trial court's order does not find the third amended complaint sanctionable under either subsection (a) or (b) of OCGA § 9-12-14. Additionally, while the trial court finds Modi's second motion to strike sanctionable, it makes no mention of Modi's original motion to strike, but IACA seemingly was awarded fees incurred in responding to that motion, as well.

conduct); *Brewer v. Paulk*, 296 Ga. App. 26, 31 (2) (673 SE2d 545) (2009). Compare *Ernest v. Moffa*, 359 Ga. App. 678, 688 (5) (b) (859 SE2d 834) (2021). For this reason, we must vacate the trial court's award of attorney fees and remand the case for appropriate factfinding with respect to the amount of attorney fees to be assessed and entry of an order consistent with this opinion.[8]

*Judgment affirmed in part, vacated in part, and case remanded with direction. McFadden, P. J., and Markle, J., concur.*

---

[8] Modi also asserts that the award was not supported by sufficient proof of the actual costs and the reasonableness of those costs. See *Williams v. Williams*, 362 Ga. App. 839, 848 (4) (b) (870 u SE2d 462) (2022) ("an award of attorney fees and costs under Georgia law can only be authorized if there is sufficient proof of the actual costs and the reasonableness of those costs") (citation, punctuation, and emphasis omitted). In light of our decision in Division (3) (e), we need not consider this enumeration at this time.