**FOURTH DIVISION**
**MERCIER, C. J.,**
**DILLARD, P. J., and LAND, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 8, 2025**

# In the Court of Appeals of Georgia

A25A0193. BLACKMON v. DUDLEY.

MERCIER, Chief Judge.

In this matter involving divorce proceedings, Nathanial Blackmon, III, counsel for Jonathan Howard Dudley ("Husband"), appeals the trial court's order awarding attorney fees to Takeisha Dudley ("Wife") – and jointly against him and Husband – pursuant to OCGA § 9-15-14 (a), OCGA § 9-15-14 (b), and OCGA § 9-11-37.[1] For the reasons set forth below, we must vacate the awards of attorney fees and remand this case for further proceedings.[2]

---

[1] On June 27, 2024, we granted Blackmon's application for discretionary appeal.

[2] In an additional enumeration, Blackmon challenges the trial court's requirement that he post a supersedeas bond on appeal. See OCGA § 5-6-46. As this appeal has now been decided and the case has been remanded, we need not reach this issue.

In relevant part, the record shows that Husband and Wife, who were married in 2014 and have two minor children together, were embroiled in divorce proceedings for many years. Husband filed an initial complaint for divorce on March 7, 2019, on grounds that the marriage was irretrievably broken. See OCGA § 19-5-3 (13) (irretrievably broken). Wife answered and counterclaimed for divorce on March 28, 2019, asserting grounds that the marriage was irretrievably broken, Husband had committed adultery, Husband was habitually intoxicated, and Husband suffered from habitual drug addiction. See OCGA § 19-5-3 (6) (adultery), (9) (habitual intoxication), (12) (habitual drug addiction) and (13) (irretrievably broken). Over four years later, on July 25, 2023, Husband filed an amended complaint for divorce adding cruel treatment as an additional ground, and he raised condonation as a defense to Wife's counterclaim of adultery for the first time.

Over the course of the ensuing litigation, Wife moved the trial court for an award of attorney fees on several statutory bases, including OCGA § 9-15-14 (a), OCGA § 9-15-14 (b), and OCGA § 9-11-37. Among other things, Wife contended that Husband and Blackmon repeatedly failed to satisfy discovery obligations resulting in the grant of motions to compel, unnecessarily expanded the litigation by raising

baseless claims of cruel treatment and condonation, abused and misused the Fifth Amendment privilege to withhold evidence during Husband's deposition (and requiring a second deposition after Husband asserted the defense of condonation), and abandoned settlement negotiations and requested a jury trial for the purpose of delaying the proceedings.

In September 2023, the parties appeared for a jury trial, and, at that time, they were able to reach a final agreement on all issues except attorney fees, which was reserved for a later hearing.[3] That hearing was eventually held on January 30, 2024, and, in a subsequent order, the trial court entered an award of attorney fees in favor of Wife and against Blackmon and Husband, jointly and severally, as follows: (1) $8,172.92 in attorney fees pursuant to OCGA § 9-15-14 (a); (2) $50,899.80 in attorney fees pursuant to OCGA § 9-15-14 (b); and (3) $27,411.36 in attorney fees pursuant to OCGA § 9-11-37 (4) (a).[4] Blackmon now appeals these awards.

---

[3] A "Consent Final Judgment and Decree of Divorce" was entered on November 9, 2023.

[4] The trial court also ruled that Husband was solely liable for $1,809.99 in attorney fees pursuant to OCGA § 19-6-2 (a). Husband, however, is not involved in this appeal.

1. In multiple enumerations, Blackmon challenges the trial court's award of attorney fees pursuant to OCGA § 9-15-14 (a) and OCGA § 9-15-14 (b), arguing in many ways that the trial court abused its discretion by mischaracterizing his actions as counsel. A review of the trial court's order imposing these fees indicates, however, that the standards applicable under the two subsections have been conflated. For this reason, we must vacate the trial court's award of attorney fees pursuant to OCGA § 9-15-14 (a) and OCGA § 9-15-14 (b), all as more fully discussed below.

With regard to OCGA § 9-15-14 (a), that provision states:

In any civil action in any court of record of this state, reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom another party *has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position.* Attorney's fees and expenses so awarded shall be assessed against the party asserting such claim, defense, or other position, or against that party's attorney, or against both in such manner as is just.

(Emphasis supplied.) On appeal, this Court will affirm an attorney fee award imposed pursuant to OCGA § 9-15-14 (a) if there is any evidence to support it. See *Fox v. City of Cumming*, 298 Ga. App. 134, 135 (679 SE2d 365) (2009).

4

In awarding fees pursuant to OCGA § 9-15-14 (a), the trial court began with a general statement that,

> since Mr. Blackmon's entry into this case, he and [Husband] have repeatedly taken positions and asserted claims that are not supported by Georgia law and not for the purpose of establishing new law. [Husband] and Mr. Blackmon engaged in such conduct during pre-trial proceedings, the day of the Final Trial, and during the hearing on Motion for Attorney's Fees.

More specifically, as support for this general statement, the trial court found that: (1) during his deposition, Husband, with Blackmon's advice, asserted his Fifth Amendment privilege without justification and with no implication of self-incrimination to a number of questions from Wife; (2) Husband and Blackmon repeatedly misrepresented rulings of the trial court and improperly continued to pursue issues that had already been decided by the trial court adversely to Husband, including a misrepresentation that the trial court had precluded Wife from seeking certain additional attorney fees; and (3) Blackmon's unreasonable delay in drafting a specific order requested by the trial court caused Wife to unnecessarily incur additional fees and expenses. For all of these reasons, the trial court awarded Wife $8,172.92 in fees for Husband and Blackmon's violation of this provision.

Turning to OCGA § 9-15-14 (b), this subsection provides:

> The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that *an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures* available under Chapter 11 of this title, the "Georgia Civil Practice Act." As used in this Code section, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.

(Emphasis supplied.) On appeal, we will affirm an award made pursuant to OCGA § 9-15-14 (b) unless the trial court abused its discretion. See *Fox*, 298 Ga. App. at 135. And, when assessing whether there has been an abuse of discretion, we "review the trial court's legal holdings de novo, and we uphold the trial court's factual findings as long as they are not clearly erroneous, which means there is some evidence in the record to support them." *Cohen v. Rogers*, 341 Ga. App. 146, 148 (2) (798 SE2d 701) (2017) (citation and punctuation omitted).

In the section of its order assessing attorney fees pursuant to OCGA § 9-15-14 (b), the trial court again began with a general statement that "Blackm[o]n's conduct throughout the course of this litigation [was] sanctionable" and that his "unpreparedness, overly argumentative nature with this [c]ourt and [Wife's] Counsel,

6

and nonsensical and narrative objections not based on Georgia law, exponentially expanded the proceedings." As the basis for its award, the trial court then more specifically listed that Blackmon: (1) had been "combative and stubbornly litigious" at every stage of the case, including an "egregious" abuse of discovery procedures; (2) filed a demand for a jury trial to interpose delay rather than to legitimately pursue Husband's case; (3) ignored deadlines to provide Wife with names of expert witnesses intended to be called at trial; (4) failed to produce necessary evidence regarding child custody and child support; (5) failed to diligently pursue discovery and made attempts to expand litigation by requesting leave to depose Wife long after discovery had been closed; (6) disregarded Uniform Superior Court Rule 6.4 (b) and was stubbornly litigious by filing premature motions to quash a number of subpoenas without conferring with Wife's counsel, as required; (7) expanded litigation unnecessarily during settlement negotiations by sending conflicting offers to settle; (8) expanded the litigation by failing to comply with discovery obligations; (9) caused unnecessary delay and expanded proceedings by misstating prior rulings and proceedings, ignoring court requests and guidance, and being generally unprepared; and (10) interfered with one of Wife's witnesses because someone from Blackmon's office improperly contacted

7

this witness and advised her that she was not required to honor a subpoena.[5] For all of these reasons, the trial court awarded Wife $50,899.80 in attorney fees pursuant to this statutory provision.

Keeping the separate provisions of OCGA § 9-15-14 (a) and OCGA § 9-15-14 (b) in mind and considering the specific bases listed by the trial court for its award under each of these statutory subsections, it becomes apparent that the trial court has, at least in part, conflated the standards of these awards. For example, as a ground for imposing fees under subsection (a), the trial court lists Blackmon's *unreasonable delay* in drafting a specific order requested by the trial court, despite the fact that actions causing delay are addressed in subsection (b). In addition, the trial court lists Blackmon's persistence at arguing points that the trial court had previously ruled upon as a ground for imposing fees under subsection (a), although this ground is applicable under subsection (b) as an example of vexatiousness. Furthermore, the trial court's concern with Blackmon's use of the Fifth Amendment appears to be premised

---

[5] We recognize that, when considering, OCGA § 9-15-14 (a) and OCGA § 9-15-14 (b), "[a]s a practical matter, it is difficult to distinguish between the two standards, 'a complete absence of any justiciable issue of law or fact' and lacking 'substantial justification.'" *Fulton County Bd. of Tax Assessors v. Boyajian*, 271 Ga. 881, 881 (2) (525 SE2d 687) (2000).

on vexatiousness as well, especially since the trial court found at Husband's deposition that *some* use of the privilege was warranted, not that any use of the priviliege was "a *complete* absence of any justiciable issue of law."[6]

So, it becomes clear that, in awarding fees under OCGA § 9-15-14 (a), the trial court considered grounds more applicable under OCGA § 9-15-14 (b). For this reason, both the award under OCGA § 9-15-14 (a) and the award OCGA § 9-15-14 (b) must be vacated, and the case must be remanded for the trial court to reconsider the text and meaning of the statute in granting any award of attorney fees under each specific subsection.[7]

2. Blackmon also contends that the trial court erred by awarding attorney fees to Wife pursuant to OCGA § 9-11-37. Specifically, Blackmon alleges that the trial

---

[6] In its outline of the facts of the case, the trial court also found that Husband and Blackmon "intentionally failed to timely disclose [Husband's] condonation defense and cruel treatment claim" and "attempted to ambush [Wife] and her Counsel with new allegations and accordingly expanded this litigation." In addition, the record reveals that the trial court expressed concern for delay resulting from any continued reliance on the Fifth Amendment after Husband asserted the defense of condonation – a defense that would necessarily require that Husband *admit* to the act of adultery and then prove that Wife forgave him for that act.

[7] Given this disposition, we need not consider Blackmon's additional contentions regarding these awards. Blackmon may attempt to revisit these contentions with the trial court upon remand.

court based its award on factors that are not applicable to this type of claim for attorney fees. For the reasons that follow, we agree.

OCGA § 9-11-37 (a) (4) (A) provides that, after a motion to compel has been granted,

> the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

In conjunction, OCGA § 9-11-37 (b) (2) allows the trial court to sanction a party for failing to "obey an order to provide or permit discovery[.]"

As a general matter, trial courts "have broad discretion in controlling discovery, including imposition of sanctions, and [we] will not reverse a trial court's decision on such matters unless there has been a clear abuse of discretion. This policy is peculiarly applicable in the context of allegations of discovery abuse." *Gropper v. STO Corp.*, 276 Ga. App. 272, 275 (1) (623 SE2d 175) (2005) (citation and punctuation omitted). Here, however, the trial court applied OCGA § 9-11-37 too broadly, and, as discussed below, the award of attorney fees pursuant to this Code section must be vacated.

In its order, the trial court stated:

> Upon review and consideration of the argument and evidence as to [Wife's] attorney's fees and expenses incurred as a direct result of [Husband's] failure to comply with his discovery obligations, which resulted in a delay of the case and unnecessarily expanded the scope of the litigation, the Court HEREBY ORDERS that [Husband] and Mr. Blackmon are to be held jointly and severally liable, pursuant to OCGA § 9-11-37 (4) (a), for $27,411.36 in attorney's fees and expenses of litigation[.]

The trial court elaborated that this award was premised on the following conduct: (1) Husband and Blackmon's failure to respond completely to Wife's discovery requests; (2) the late addition of cruel treatment as a ground for divorce and the addition of a defense of condonation; (3) Husband and Blackmon's interference with Wife's ability to conduct discovery and depositions in preparation for trial; ; and (4) Husband and Blackmon's failure to comply with the Uniform Superior Court Rule 6.4 (b) prior to filing motions to quash.

"Although OCGA § 9-11-37 permits trial courts to award attorney fees as a sanction for failure to provide discovery, the general scheme of OCGA § 9-11-37 is that ordinarily sanctions can be applied only for a failure to comply with *an order* of the court." *Day v. Mason*, 357 Ga. App. 836, 842 (4) (851 SE2d 825) (2020) (reversing award of attorney fees under OCGA § 9-11-37 because the record contains no

indication that party violated any discovery-related court order) (citation and punctuation omitted). See also *Carrier Corp. v. Rollins*, 316 Ga. App. 630, 638 (5) (a) (730 SE2d 103) (2012) (affirming discovery sanctions for violation of scheduling order imposing discovery deadlines); *Gropper*, 276 Ga. App. at 275-276 (1) (trial court did not abuse discretion by imposing sanctions for "a pattern of violation of discovery rules, explicit direction by the court, and written orders of the court"); *Joel v. Duet Holdings*, 181 Ga. App. 705, 706 (353 SE2d 548) (1987) (sanctions were warranted, in the absence of a motion to compel, where party failed to comply with order to appear for deposition and produce documents).

In this case, however, the trial court failed to strictly limit its award of OCGA § 9-11-37 attorney fees to violations of discovery-related court orders, and there is no allegation or evidence that Husband totally failed to respond to Wife's discovery requests. For this reason, we must vacate the award of attorney fees pursuant to OCGA § 9-11-37 and remand the case to the trial court for reconsideration of this award. On remand, the trial court is directed to focus its decision to award OCGA §

9-11-37 fees, if any, upon the violations of its discovery orders, not delay or expansion of litigation.

*Judgment vacated, and case remanded with direction. Dillard, P.J., and Land, J., concur.*